TRUSTEES OF AUGUSTA
*vs*
PERKINS.

---

8bm207
137   413

## Trustees of Augusta *vs* Perkins.

ERROR TO THE BRACKEN CIRCUIT.

*Public dedications to public uses.   Use and occupation.*

CHIEF JUSTICE MARSHALL delivered the opinion of the Court.

CHANCERY.

*Case* 53.

*January* 18.

THE County Court of Bracken had no right to recover from the Trustees of Augusta the amount contributed by the county or Court, to the erection of the court house, and other public buildings on the public square in Augusta, because the trustees have never deprived the county of the use of the buildings for the purpose for which they were erected, but desired its continuance, and still desire its renewal; and because the contribution of the County Court having been made for the benefit of the county, in the public use of the buildings for the session of the Courts, &c., the county has by its own act or consent, abandoned and terminated that use against the will of the trustees and citizens of Augusta. The County Court therefore had no equity against the trustees or citizens of Augusta, and Perkins acquired none by his purchase from the Court, which had no right to convert the square and buildings into private property, nor to control them after its own public use of them had ceased.

The County Court having contributed to the public buildings on the public square, on the removal of the seat of justice, had no claim upon the trustees of the town to reimbursement of the expenditure, nor had it any power of transferring any claim for use and occupation by the trustees of the town where the same was situated, after the public use had ceased the right to the ground and buildings belonged to the trustees for the benefit of the town and its citizens.

Nor has Perkins any equity against the trustees of Augusta, by reason of one third of the price, which he gave in his purchase from the County Court, having been distributed among the individual contributors to the erection of the public buildings, who were citizens of Augusta or its vicinity. These countributions were pure donations for the benefit of the town, and with no

TRUSTEES OF AU-
GUSTA
vs
PERKINS.
other expectation of individual benefit or recompense than such as the individuals might derive from the prosperity of the town, and from the continued use of the public square and buildings for county purposes, or in other words, from the continuance of the Seat of Justice at Augusta, which the new buildings were doubtless expected to secure. The frustration of this expected benefit by the removal of the Seat of Justice, though it left the Trustees of Augusta proprietors of the public buildings on their public square, gave no claim against them to the individual citizens who had contributed to the erection of the buildings. The trustees hold the property not for themselves, but for the town and its citizens. They did not remove the Seat of Justice, whereby the expected benefit of the contribution has been lost. But the town is injured by the removal, and in fact it is through the injury to the town that the individual subscribers are injured. Nor have the trustees in becoming the exclusive proprietors of the buildings by the removal of the county seat, become gainers by the loss of the individual contributors. For in whatever is gained by the trustees, that is by the town, these contributors as citizens fully participate. So far as the town receives a benefit from the expenditure on the buildings, though in a manner different from what was expected or intended, the object of the donation is in some degree affected, and the contributors to the same extent compensated. And the loss and gain of themselves and the town being thus identified, we do not perceive how they can have any claim upon the town for a loss to them which was not caused by the town, but is fully participated in by it, or for a gain to the town in which they themselves fully participate. As donors for the benefit of the town, they have no right to recover from it on account either of its loss or its gain, as connected with their donations. The public has no claim upon the town through them.

And, as neither the County Court nor the individual
But no individual claim existed against the trustees, either on behalf of the cit-
contributors had any claim against the trustees on account of the buildings, which they could impart to Perkins by a sale of their right, he certainly did not ac-

acquire by his purchase any direct claim against the trustees. If therefore, he has any claim against any body for his purchase money lost by the recovery of the public square and buildings by the trustees, it is either against the County Court, or against the individual contributors, or against all, for the portion of the purchase money which they have received. But as the trustees are not accountable either for the money received by the County Court, or for that received by the individual contributors, who certainly do not constitute the whole town of Augusta, and for whose individual liabilities the trustees are in no way responsible; and, as therefore, any claim which Perkins may have against either the County Court or these individuals, gives him no demand against the trustees, and no set-off against their claim for the mesne profits during his occupancy of the public square under his purchase, it is unnecessary to inquire whether he has a claim either against the County Court or against the individual contributors. It is admitted that if he has no such claim, his case is one of great hardship. But whether he has such claim or not, he is liable to the trustees for the *mesne profits* during his occupancy of their property. And as he has set up no available equity against this liability, they are entitled to the benefit of the judgment at law, and his bill should have been dismissed.

Wherefore, the decree is reversed, with directions to dismiss the bill.

*Hord* for plaintiffs; *J. & W. L. Harlan* for defendant.

izens or County Court, consequently the county Court can transfer none to Perkins.