# CHARLESTON.

## COOK v. TOTTEN.

### Decided March 16, 1901.

| 49 | 177 |
|f49 | 350|
| 49 | 177|
|f56 | 48|

1. VENDOR—*Purchaser's Right to Streets and Alleys.*

   If a land owner lays off a tract of land into lots, streets, and alleys for a town or an addition thereto, has a map made thereof and recorded, and sells lots with reference thereto without reservation, he cannot withhold from such lot purchasers the use of such streets and alleys until the dedication thereof is accepted by the public authorities, but such lot purchasers are entitled to the immediate use of all such streets and alleys necessary to the complete enjoyment of their property. (pp. 178, 179).

2. LOTS—*Streets and Alleys—Conveyance—Reservation.*

   When lands are laid off into lots, streets, and alleys, and a map plat thereof is made, all lots sold and conveyed by reference thereto, without reservation, carry with them, as appurtenant thereto, the right to the use of the easement in such streets and alleys necessary to the enjoyment and value of such lots. (p. 179).

3. STREETS AND ALLEYS—*Use of—Dedication.*

   When such land owner refuses to such lot owners the use of such streets and alleys, a court of equity will compel him to specifically perform his contract, and require him to open such streets and alleys for the benefit of such lot owners, although the dedication to public uses of such streets and alleys has not been accepted by the public authorities. (p. 179).

Appeal from Circuit Court, McDowell County.

Bill by E. E. Cook against H. P. Totten. Decree for plaintiff, and defendant appeals.

*Affirmed.*

RUCKER & KELLER, for appellant.

T. L. HENRITZE, for appellee.

DENT, JUDGE:

E. E. Cook filed his bill in chancery against H. P. Totten in the circuit court of McDowell County setting forth that at the instance of the defendant he had purchased two certain lots Nos. 72 and 73 on the map of the town of Kimball as laid off and platted by the defendant, on one of which he had erected a valuable dwelling house for his own use, that to enjoy such property it was necessary that certain streets as laid down on such plat should be opened, but that the defendant, who owned the land, still kept them fenced up and prevented plaintiff from having the use thereof, to his detriment, inconvenience and injury, and he prayed for a mandatory injunction compelling the defendant to open and leave open such streets for the benefit of plaintiff in the enjoyment of such lots.

Defendant demurred and answered, claiming that the streets were not dedicated to the public, still belonged to him, and were not necessary to the plaintiff's proper enjoyment of his property and denied the right of plaintiff to the relief sought. The circuit court sustained the bill and granted the relief, and defendant appeals.

The question as to whether the streets sought to be opened were necessary to the proper enjoyment of plaintiff's property is a question of evidence, and being founded on conflicting testimony this Court will not disturb the finding of the circuit court with regard thereto unless plainly wrong. *Weaver* v. *Aikin,* 48 W. Va. 456, (37 S. E. 600). This the Court cannot say. The case must be determined on the legal rights of the plaintiff. The law seems to be settled that "It is not only those who buy land or lots abutting on a street or road laid out on a map or plat that have a right to insist upon the opening of the street or road; but where streets and roads are marked on a plat and lots are bought and sold with reference to the plat or map, all who buy with reference to the general plan or scheme disclosed by the plat or map acquire a right in all the public ways designated thereon, and may force the dedication. The plan or scheme indicated on the map or plat is regarded as a unity, and it is presumed as it well may be, that the public ways add value to all the lots embraced

in the general scheme or plan, certainly as every one knows, lots with convenient cross streets are of more value than those without, and it is fair to presume that the original owner would not have donated land for public ways unless it gave value to the lots. So, too, it is just to presume that the purchasers paid the added value, and the donor ought not therefore to be permitted to take it from them by revoking part of his dedication." A contrary holding prevails in some jurisdictions, which limit the purchaser to the right of having abutting streets opened to the first cross streets. Elliott on Streets and Roads (2 Ed.) 132. The unity doctrine of the plat or plan is decidedly the most equitable, for the reason that the opening of remote streets may render the purchased lot more accessible and more valuable by creating a more direct and easy way thereto, while the opening of comparatively near streets might be of none or little value to the lot in question. In the case of *Indianapolis* v. *Kingsburg,* 101 Ind. 200, it is held that according to the great weight of judicial opinion the lot purchaser is entitled to the use of all the streets and ways, near or remote, as laid down on the plat by which he purchases. *Rowan* v. *Portland,* 8 B. Mon. 232; *Trustees* v. *Perkins,* 8 B. Mon. 207; *Winona* v. *Huff,* 11 Minn. 119; *Huber* v. *Lazley,* 18 Ohio 18; *Derby* v. *Alling,* 40 Conn. 410; *Moale* v. *Mayor,* 5 Md. 314. This being the law, the land owner when he lays off his land into lots, streets and alleys, and has the same platted and then sells lots with reference to the map thereof, must be presumed to know that he thereby dedicates such streets and alleys to the use of such lot owners and the public, and the rights to the use of such lot owners and the public, and the rights of the lot owner are not to wait in abeyance until the public authorities see fit to accept and take charge of such streets and alleys, but he is at once entitled to have all such streets and alleys opened for his use, necessary to the enjoyment of his property. All such streets and alleys must be considered as appurtenant thereto, for they begin at his property and extend in a net work all over the land platted. *Wolfe* v. *Town,* 133 Ind. 331;  *In re Pearl St., Phila.,* 111 Pa. St. 565. While the public right to use and control depends on the acceptance of the dedication to public uses, the private right of purchasers is acquired at the time of the purchase and may precede the public's right. Elliott Streets and Roads (2d Ed.) 128, s. 118.

The public authorities may never accept the dedication, and

yet the lot owners would be entitled to use the streets and alleys from the very time of their purchase, and the land owner cannot exclude them from this right. Having sold the lots according to the plat, he must accord to the purchasers the use of the streets and ways as shown thereon. The deeds involved in the present controversy each convey "a certain lot of land in the town of Kimball, McDowell County, West Virginia, and known in the plan of said town as lots numbers 73 and 72 according to the plan of said town as surveyed by W. C. Brooke, civil engineer, which said plan is recorded in the McDowell County court clerk's office," thus making the plan and survey a part of the conveyance, as much so as if fully set out in such deeds. The plaintiff having thereby acquired a full right to the use of the streets and alleys by purchase, the easement therein passing as appurtenant to the lot to whose enjoyment they are necessary, as the law affords him no complete remedy, may appeal to a court of equity to enforce such right for his benefit. *Boyd* v. *Woolwine,* 40 W. Va. 282. Having purchased his lot as part of the plan or addition to a town, he becomes interested in all the streets and alleys thereof for the reason that the value of his lot, together with its proper use and enjoyment is dependent thereon, and if the land owner is permitted to close up one street, he may close them all up, except those immediately abutting the purchaser's lot and thus render it valueless, even though the price paid was in consideration of the dedication of the whole plan to the purposes and uses of a town. A single town lot is of little value by itself in the center or on the edge of a large tract of land. It is only worth so much per acre as the land is worth. The value of each town lot is dependent on the value and improvements of all the other lots, and of the streets and alleys open to public uses included in the same general plan or plat. Each deed in this case not only conveyed the lots according to the plan, but also conveyed all the appurtenances belonging thereto, which necessarily includes the easement in all the streets and alleys of the plan necessary to the use, enjoyment and value of the lots and though the public never accept the same, the lot owner is entitled to the right to the proper enjoyment thereof. In such a case as this plaintiff cannot be compelled to seek redress at law in an action for damages, but he has the right to have his contract specifically enforced. Nor can he be compelled to await until the public authorities accept the dedication of the streets and alleys, which may never occur, espe-

cially if the land owner is permitted to keep them closed up, and refuses a further sale of lots.

The decree complained of is affirmed.

*Affirmed.*