EDWARD K. SOMMERVILLE *v.* CARL D. CARPENTER *et al.*

(No. 6880)

Submitted February 17, 1931. Decided February 24, 1931.

*Harvey W. Harmer,* for appellant.
*Cornelius C. Davis,* for appellees.

WOODS, JUDGE:

This is a suit in equity by one lot owner against certain other lot owners of the same addition seeking a mandatory injunction for the removal of certain fences across a street in said addition on the ground that their maintenance is a public nuisance. The circuit court granted the injunction as to two wire fences, but denied it as to a paling fence, which was located across the dead-end of the street, and on line with the western boundary of said addition.

The Dolan Addition, in the unincorporated town of Wolf Summit, consists of forty-one lots. It was laid off in 1902, and a plat thereof duly recorded. The plaintiff and defendants, and their predecessors in title, having purchased lots in relation to said plat, acquired the right to the free and unobstructed use of the streets as located thereon. *Cook v. Totten,* 49 W. Va. 177; *Edwards v. Land Co.,* 56 W. Va. 43; *Rudolph v. Improvement Co.,* 103 W. Va. 81.

At the time the addition was laid off, the father of one Lloyd Fultz owned a large tract extending along the entire western boundary. Francis Street—which ran east and west—came to a dead-end at the division line between Fultz and the addition. So, under the situation then existing, there being but one way of ingress and egress, the property owners necessarily made only a limited use of Francis Street.

Defendant Carpenter's predecessor purchased lot 40, which was located to the north of Francis Street, with its western boundary coinciding with that of the western boundary of the addition. In 1905, Lloyd Fultz, who had succeeded his father in ownership of the tract west of Dolan addition, laid off lots facing said addition, leaving a strip running with the western

line of the Dolan addition to the public highway on the south for a street. The reservation of the street by Fultz for the use of his lot owners was only verbal. Prior to such dedication he had given defendant Carpenter's predecessor and others verbal permission to lay a sidewalk (of railroad ties) on his property along the line of the Dolan addition to the highway, the same passing the closed end of Francis Street. This permission being verbal was revokable at will (*Pifer* v. *Brown*, 43 W. Va. 412) and was merged into the larger and fuller right—the public street. Fultz says in his testimony that at the time of the conveyances to his vendees that he "relinquished all claim" to any land east of the roadway so dedicated. So, it is seen that the object in keeping the west end of Francis Street closed has been removed by Fultz's dedication of the property immediately west of the Dolan addition to the public, for the use of the street. There is no longer any proper use that can be made of the fence across the same. Fultz claims none. The defendant Carpenter, who owns the abutting lot, is entitled to the unrestricted use of his lot. Why should he complain? The street in front of his property is fifteen feet wide. The defendant says that he does "not have any real estate immediately east of the paling fence only just as he has been using it" for a "front yard". Whose rights then will be jeopardized by the removal of the fence? Ordinarily, it would seem, where one lays out an addition to a town or village subsequent to another addition thereto already laid out, he is presumed to establish the second addition with reference to the established streets of the former. Has the plaintiff any right to require the removal of the fence? The defendant's predecessor constructed the fence sought to be removed. The evidence shows that it was removed by someone and that the defendant rebuilt it during this suit. It seems that the defendant has no property right in the fence other than his easement enjoyed by all other lot owners. While the plaintiff has a street to the east, he demands a right to the use of the travelled way to the west under the peculiar circumstances of this case. He seeks the removal of this obstruction on this ground. The case of *Griffith* v. *Richardson*, 83 W. Va. 442, lays down the proposi-

170

tion that the purchasers of lots laid off by an owner of land in the lots, streets and alleys is entitled to the use of all such streets and alleys necessary to complete enjoyment of the lots purchased by them.

On broad equitable grounds we would extend this right to a second addition where lots were laid off with reference to streets and alleys of the first addition. And this is true notwithstanding that in so doing the ingress and egress of some abutting property owner may be in some measure disadvantageously affected. The use of the one must yield to the larger use of the many. So believing, we would require the defendant to remove the paling fence and restrain him from thereafter maintaining such fence across Francis Street. The mandatory injunction will be enlarged to achieve this purpose.

*Reversed and entered.*