WOODROW TETER, *et al.*

*v.*

JOHN C. TETER, *et al.*, and EMMA MILES, *et al.*

(No. 14149)

Decided November 20, 1979.

*Richard W. Cardot* for appellants.

*Joseph A. Wallace* for Woodrow Teter, et al.

*Harry A. Smith, III*, for John C. Teter.

PER CURIAM:

On February 20, 1978, this Court granted Emma Miles' and Norman Patrick's petition for a writ of error. The case matured for decision on October 16, 1979. Briefs have been filed by the appellees, Woodrow and Bessie Teter, plaintiffs below, by appellee John C. Teter, a defendant below, and by appellants Miles and Patrick also defendants below. The question facing this Court pertains to the correctness of the trial court's rulings on the status of two streets in a subdivision near Elkins, in Randolph County. We conclude the trial court acted correctly.

All the parties to this action are owners of lots in the Ervin Subdivision. Appellees Woodrow and Bessie Teter filed suit in the Circuit Court of Randolph County seeking to enjoin the obstruction of Stanton Avenue. Stanton Avenue is the name given to a street laid out on the plat of Ervin Subdivision. Stanton Avenue appears on the plat as a street fifty feet in width lying in a north-south direction. The section of Stanton Avenue in controversy divides blocks two and four of the subdivision. To the north this section of Stanton Avenue intersects with Gilmore Avenue, and to the south it intersects and dead ends into an alley.

Pleasant Avenue lies roughly parallel to Stanton Avenue and has its northern terminus with the alley that is the southern terminus of Stanton Avenue. Over a period of years a traveled way had come into existence continuing the path of Pleasant Avenue northward and running parallel to Stanton Avenue to intersect Gilmore Street.

This way has been referred to as the Lower Pleasant Avenue Extension.

The appellants Miles and Patrick own property bordering on the west side of Stanton Avenue, and appellee John Teter owns property fronting on the east side. The Lower Pleasant Avenue Extension is located partially on the land of John Teter, and partially within the fifty-foot platted width of Stanton Avenue. Appellees Miles and Patrick own property north of Gilmore Street and had used the Lower Pleasant Avenue Extension to reach Pleasant Avenue and travel into Elkins. After John Teter purchased his property he obstructed the Lower Pleasant Avenue Extension. Stanton Avenue had not been a traveled way for many years and there were various obstructions to travel including encroachments by structures in the area covered by Stanton Avenue as platted. Therefore, Woodrow and Bessie Teter, seeking a direct southern route to reach Pleasant Avenue, filed suit asking the court to enjoin the obstruction of Stanton Avenue.

After taking evidence including a surveyor's report ordered by the court, the trial court found Stanton Avenue was a public way, and ordered it opened to the public use in a width of twenty feet; said twenty feet to be laid out east of the center line of the street as platted. By laying the street out in this manner, the court avoided placing the traveled way in the area west of the center line and extending it to its full fifty-foot width which would have necessitated the possible removal of structures belonging to Miles and Patrick. This arrangement also avoided encroaching upon the property of John Teter. The twenty-foot width of Stanton Avenue which the court ordered open to the public lays entirely within the fifty-foot width of the street as platted. The court did not find as Miles and Patrick had contended, that the public had gained a prescriptive right to travel the Lower Pleasant Avenue Extension.

Miles and Patrick contend the trial court erred in finding Stanton Avenue to be a public way, and erred in

refusing to find the public had gained a prescriptive way over the Lower Pleasant Avenue Extension across the property of John Teter. The brief of appellee John Teter contends the court's rulings are correct. Woodrow and Bessie Teter urge us to affirm the trial court's judgment.

As to the owners of property in the Ervin Subdivision we believe the status of Stanton Avenue is governed by the following law of this Court:

> "When lands are laid off into lots, streets, and alleys, and a map plat thereof is made, all lots sold and conveyed by reference thereto, without reservation, carry with them, as appurtenant thereto, the right to the use of the easement in such streets and alleys necessary to the enjoyment and value of such lots." Syl. pt. 2, *Cook v. Totten*, 49 W. Va. 177, 38 S.E. 491 (1901).

However, the court below went further and found Stanton Avenue was a public street. In regard to this issue the controlling law appears in the single syllabus point of *Huddleston v. Deans*, 124 W. Va. 313, 21 S.E.2d 352 (1942).

> "Where an owner of land has the same platted in lots, streets and alleys, and conveyances are made by his successors in title, in which references are made to the map and alleys, and which land is subsequently occupied by a number of purchasers of lots and there is a user by the public of a greater part of the platted streets and alleys, the non-user of a portion thereof and occupancy or encroachment by abutting landowners do not affect the right of the public or an abutting owner to use all such alleys in their entirety." Syl., *Huddleston v. Deans, supra.*

The evidence demonstrates there had in the past been a user by the public of Stanton Avenue and user by the public of the other streets and alleys in the subdivision. We believe that the trial court was correct in concluding the public had a right to use Stanton Avenue.

The status of Stanton Avenue as a public way defeats the appellants' claim of adverse possession. *Huddleston v. Deans, supra.*

The second issue of the case concerns the status of the Lower Pleasant Avenue Extension. The evidence supports the view that the use of the Lower Pleasant Avenue Extension by the public was permissive. No evidence constituted proof which destroyed the permissive character of the use. Appellants contend *W. Va. Code,* 17-1-3 operates to conclusively presume the road was a public way because of use by the public for ten years or more and the expenditure of public monies or labor thereon. We believe the evidence depicted an expenditure of public monies and labor of a nature that was occasional and not duly authorized, thereby rendering the statutory presumption ineffective. Syl. pt. 3, *Baker v. Hamilton,* 144 W. Va. 575, 109 S.E.2d 27 (1959).

We conclude the evidence, while conflicting, supported the decision reached by the trial court:

> "The finding of a trial court upon the facts submitted to it in lieu of a jury will be given the same weight as the verdict of a jury and will not be disturbed by an appellate court unless the evidence plainly and decidedly preponderates against such finding." Syl. pt. 7, *Bluefield Supply Co. v. Frankel's Appliances, Inc.,* 149 W. Va. 622, 142 S.E.2d 898 (1965).

For the foregoing reasons, we affirm the judgment of the trial court.

*Affirmed.*