648

EUGENE LUTHER EASTER, *et al.*

*v.*

HERBERT A. MULLINS, *et al.*

(No. 15247)

Decided March 22, 1982.

*Camper and Seay, Harry G. Camper, Jr., C. Thomas Seay,* for appellants.

*Robert Edward Blair* for appellees.

PER CURIAM:

This is an appeal of a final order by the Circuit Court of McDowell County that set aside a jury verdict and entered judgment for the appellees.

The appellees, Eugene and Mildred Easter, brought suit to enjoin the appellants, Herbert and Victoria

Mullins, to remove a large retaining wall and the earth behind it that partially blocked a twenty-five-foot right of way as shown upon a plat filed in the McDowell County Clerk's Office.

Mr. and Mrs. Easter own Lot C in the subdivision of Lot Fifty-Two, Harman Addition, Welch, West Virginia, as shown on the map recorded in the McDowell County Clerk's Office, in Map Book 16, at page 91. The Easters acquired this property by interstate succession from Mr. Easter's mother who died on 12 May 1969.

At the time the suit was first brought, the Mullinses owned Lots Fifty-Three, Fifty-Four, Fifty-Five, Fifty-Six, and Fifty-Seven in the Harman Addition. They bought Lot Fifty-Five and the house on that lot on 17 January 1947. On 20 May 1949 they purchased Lot Fifty-Three and its house. The Mullinses bought Lot Fifty-Seven in 1956 and Lot Fifty-Six in August 1970. Both of these lots had houses on them when they were bought. Since this suit was instituted in 1977, Mr. and Mrs. Mullins have purchsed Lots Fifty-Eight and Fifty-Nine. The accompanying map is included to help clarify the controversy.

As is clear from the map, a retaining wall next to Lots Fifty-Six and Fifty-Seven encroaches about halfway

across the twenty-five-foot right of way that leads from U.S. Route 52 to the nine-foot alley that leads to the Easters' Lot C of Lot Fifty-Two. The Mullinses' daughter now lives in the house on Lot Fifty-Seven and their son lives in the house on Lot Fifty-Six. Both the right of way and the nine-foot alley to Lot C are unpaved with the exception of a small portion where the roadway meets with U.S. Route 52. The right of way is some 263.24 feet long and rises steeply from the highway to its terminus between Lots Fifty-Four and Fifty-Five. Topographically, Lots Fifty-Seven and Fifty-Six are higher than the right of way.

At trial evidence was presented to show that the retaining wall has stood on the right of way as it now does since at least 1947 when the Mullinses first purchased property in the area. However, the trial court refused to instruct the jury on the theory of adverse possession. Nevertheless, the jury came back with a verdict for Mr. and Mrs. Mullins. Counsel for the Easters then made a motion for judgment notwithstanding the verdict under *W.Va. R.C.P.* 50(b). Concluding that encroachment upon a platted street or alley can never extinguish the right of the public to use a right of way in its entirety, the trial court granted the motion. Mr. and Mrs. Mullins have appealed and argue that the trial court misapplied the law to the facts of this case. We agree.

We start by recognizing that the recording of a plat showing the street and alley in this case constitutes only a "private dedication." *Rose v. Fisher*, 130 W. Va. 53, 42 S.E.2d 249 (1947). If a public authority had accepted an offer of dedication by assuming responsibility for the maintenance and repair of the platted street and alley, the trial court would have been correct in ruling that the public has an inextinguishable right to full use of the platted roadways. *Id.*; *e.g., Teter v. Teter*, ___ W.Va. ___, 260 S.E.2d 270 (1980); *Huddleston v. Deans*, 124 W.Va. 313, 21 S.E.2d 352 (1942). In this case, the only maintenance performed on the right of way since 1947 had been done by Mr. Mullins. On these facts the trial court specifically found that there had been no acceptance by a public

authority and that, therefore, this case involved only a "private dedication" of land.

When streets and alleys have been platted pursuant to a private dedication, all lots sold and conveyed with reference to the plat carry with them the right to only that use of the streets appearing on the plat that is necessary to the complete enjoyment and value of the lots. *See Cook v. Totten*, 49 W.Va. 177, 38 S.E. 491 (1901). The trial court properly instructed the jury as to this point in plaintiffs' instruction No. 1. By the verdict, the members of the jury obviously felt that the twelve feet of right of way that had been in use by all of the surrounding landowners for at least thirty years before the suit was sufficient to provide for the complete enjoyment of the Easters' lot. This conclusion is bolstered by the observation that no matter how wide the street is, the Easters will still be limited in the enjoyment of their property by the fact that the alley that leads to Lot C is drawn only nine feet wide on the plat.

We find that the trial court erred in two instances by entering judgment notwithstanding the verdict. First, the trial court erred in applying the law by holding that, since there was a private dedication, the plaintiffs had a right to use the roads appearing on the plat in their entirety; second, the trial court erred in overturning the jury's reasonable finding of fact, which was supported by the evidence, concerning the width of the road necessary for the enjoyment of the appellees' lot.

Accordingly for the reasons stated above the judgment of the Circuit Court of McDowell County is reversed and the case is remanded with directions to reinstate the verdict of the jury.

*Reversed.*