317 S.E.2d 798

**BAUER ENTERPRISES, INC., An Ohio Corporation**

v.

**CITY OF ELKINS, West Virginia, A West Virginia Municipal Corporation.**

**No. 15894.**

Supreme Court of Appeals of West Virginia.

Submitted Nov. 1, 1983.

Decided March 6, 1984.

Rehearing Denied July 11, 1984.

James F. Cain, Elkins, for appellant.

Thomas R. Ross, II, Elkins, for appellee.

PER CURIAM:

The appellant, Bauer Enterprises, Inc., filed a declaratory judgment action against the City of Elkins in the Circuit Court of Randolph County on July 14, 1982. The purpose of the suit was to determine the various property rights of the parties with respect to a street in Elkins, West Virginia, known as Cole Avenue. The lower court found that the disputed portion of Cole Avenue was a public street. On appeal, the appellant asserts that the court erred in its ruling by incorrectly applying the law to the facts of the case.

Cole Avenue is located in the South Elkins Addition and is named and laid out on a plat filed in the Randolph County Clerk's Office by the Valley Improvement Company in 1906. Appellant owns Lots 1006 through 1013 of Block 118 of the South Elkins Addition. That property is described in the deed as follows:

"constituting entire Block 118 of the Valley Improvement Company's Addition in said City of Elkins, bounded on the north by 13th Street, on the east by Coal Avenue, on the south by 14th Street, and on the west by an alley...."

The appellant is also the owner of the three and one-half acres of land in the Addition described in the deed as being "bounded on the north by 12th Street, on the east by the Tygart Valley River, on the south by 14th Street, and on the west by Coal Avenue...."

In 1906, shortly after the plat was filed, appellant's predecessor in title erected a building which encroached upon the portion of Cole Avenue between Thirteenth and Fourteenth Streets. That building was subsequently used by the appellant as its showroom, store and warehouse building. A second frame warehouse building was located on Cole Avenue between Thirteenth and Fourteenth Streets north of and perpendicular to the showroom building.

This case arose when the appellant demolished the second building and then applied for a building permit to construct a new storage building in its place. The permit was not granted on the grounds that the building was to be erected upon a public street, i.e., Cole Avenue. The appellant brought the declaratory judgment action to determine the status of the street after his building permit was refused.

At a hearing held below, the evidence showed that the portion of Cole Avenue between Thirteenth and Fourteenth Streets had never been used as a public street and that the City had never maintained that portion of the street. The remainder of Cole Avenue, however, was used by the public and was maintained and repaired by the City of Elkins.

A former county clerk, John Caplinger, testified that when there was an acceptance of a dedication of streets, the same was noted on the plat at the time of recordation. There was no notation on the Valley Improvement Company plat.

At the conclusion of the hearing the circuit court entered an order finding that the portion of Cole Avenue in dispute was in fact a public street or alley. The court made findings of fact that the portion of the street in question had been possessed and used exclusively by the appellant and its predecessor in title for over eighty years and that the same portion of the street had never been used as a public street; that references had been made in various conveyances to other streets and alleys designated in the plat and that there had been a use by the public of the greater part of those platted streets and alleys; and that the dedication of the Valley Improvement Company plat was never expressly or impliedly accepted by the City of Elkins.

As a matter of law, the court ruled that the recordation of the plat was sufficient for a completed dedication even though the dedication was never accepted by the City, and that the non-use of the specific portion of Cole Avenue upon which the appellant's building was located did not affect the right of the public to use the street in its entirety.

■ Although there is not an abundance of law in this State on the subject of dedication, the cases recognize that there are two types of dedication, *i.e.*, public and private. The mere recording of a plat showing streets and alleys constitutes only a private dedication. The law provides that in this case all lots sold and conveyed with reference to the plat carry with them only the right to the use of the streets appearing on the plat which is necessary to the complete enjoyment and value of the lots. As stated in Syllabus Point 2 of *Cook v. Totten*, 49 W.Va. 177, 38 S.E. 491 (1901):

"When lands are laid off into lots, streets, and alleys, and a map plat thereof is made, all lots sold and conveyed by reference thereto, without reservation, carry with them, as appurtenant thereto, the right to the use of the easement in such streets and alleys necessary to the enjoyment and value of such lots."

■ The general public acquires no proprietary rights to the platted ways in the case of a private dedication. On the other hand, the interest of the public becomes proprietary when the offered dedication is accepted by a public authority. Acceptance may be by an express act, as indicated by notation on the recorded plat, or implied, as when the public authority assumes responsibility for the maintenance and repair of the platted streets and alleys. *See, Rose v. Fisher*, 130 W.Va. 53, 42 S.E.2d 249 (1947). When the plat is accepted by the public authority, the act of dedication becomes a public dedication and the streets and alleys therein become public ways.

■ As stated in *Huddleston v. Deans*, 124 W.Va. 313, 21 S.E.2d 352, 356 (1942):

"The right of purchasers of lots, who purchase in reliance on and with reference to a plat, are protected by our decisions. The dedication as to them, certainly to the extent of providing ingress and egress to lots so purchased, is binding, passes to successors in title and is irrevocable as against the original grantor and his successor in title, except through action of public authorities. A dedication and acceptance, express or implied, inure to the public to the same extent as to purchasers of lots."

■ Private easements differ from public ways in two regards. First, private easements can be used by their owners only for the purpose of reasonable ingress and egress to their property, whereas public ways can be used by the general public

without reference to their destination. Second, public authorities have no obligation to maintain private easements whereas they do have an obligation to maintain public ways. *Rose v. Fisher*, 130 W.Va. at 57, 42 S.E.2d at 252. In addition, there can be no adverse possession of a public way, *Huddleston v. Deans, supra,* but if the elements of adverse possession are present a private easement may be extinguished. *Rudolph v. Glendale Improvement Co.,* 103 W.Va. 81, 137 S.E. 349 (1927).

In *Huddleston v. Deans, supra,* we discussed the rights which inure to private property owners and to the general public when dedication by plat occurs. While we recognized that the right of the public authority to accept an offered dedication arises upon the filing of a plat and the selling of lots with reference thereto, we also recognized that the right of the public is open-ended and that ordinarily there is no time limitation on when acceptance must be made.

▮▮▮▮ In the case before us the trial court found that the recordation of the plat of the South Elkins Addition was sufficient for a completed dedication even though the dedication was never accepted by the City of Elkins. We believe the law is clear on this point and that the trial court erred in its conclusion. Recordation of a plat is only a private dedication and in order for the streets and alleys platted therein to become public ways a public authority must accept the dedication.[1] The trial court found in this case, and properly so, that there had been no acceptance by the City. Therefore, the portion of Cole Avenue in dispute is not a public way. However, as previously noted, there is nothing to preclude the City from accepting the street in the future. The *Huddleston* case is clear on this point: "the public, immediately upon an offer of dedication, becomes

vested with an interest in the property affected thereby, of which it can take advantage at any time...." 124 W.Va. at 321, 21 S.E.2d at 357.

The fact that the appellant's building encroaches upon the street is of no consequence to the company's argument that because the disputed portion of Cole Avenue has never been used as a public street, it now belongs to the appellant. *Huddleston v. Deans, supra,* involved an alley which was designated on a plat which was originally drawn up in 1879 and revised in 1919. Only a small portion of that alley was opened and a number of structures were placed on the remaining length of the alley. The City of Montgomery failed to accept the dedication over many years and never converted the alley into a public way. The question in the case was whether the right of the public to accept the alley and convert it into a public way had been terminated by the adverse placing of improvements on it for a long period of time. The Court concluded that the public's right to accept the dedication had not been terminated by its long non-acceptance of the dedication or by the adverse placement of improvements in the alley.

The Court recognized that there can be no adverse possession against the public in dedicated land and that the failure of a public authority to accept a dedicated street or alley does not bar the public's right therein. As to the structures blocking the alley, the Court said: "The people who placed the structures in the alley did so at their own risk and should not be heard to complain when removal is enforced." 124 W.Va. at 319–320, 21 S.E.2d at 356.[2]

▮▮▮ In view of the foregoing law regarding dedication, we conclude that the status of the portion of Cole Avenue involved in the case before us is as follows. First, there was a private dedication of the

---

1. *See Easter v. Mullins,* 169 W.Va. 648, 289 S.E.2d 462 (1982).

2. We have recognized that where an improver of land through a reasonable mistake of fact and in good faith erects a building on land not his own, he sometimes is entitled to recover the value of the improvements or to purchase the land under equitable principles. *Somerville v.*

*Jacobs,* 153 W.Va. 613, 170 S.E.2d 805 (1969). This holding is in line with general equitable principles that equity regards that as done which ought to be done and equity will not suffer a wrong without a remedy. The facts of the case before us do not fall within these equitable principles which justify relief on the ground of mistake.

street so those who bought lots in the subdivision with reference to the recorded plat have a private easement over the street. It is possible that these easements have been extinguished by adverse possession; however, there is insufficient evidence in the record on this point for us to make a determination. Second, even though the public has not yet accepted the offer or dedication made in 1906, in view of the law that the passage of time does not terminate the public's right to make the acceptance, the block of Cole Avenue in question may yet be converted into a public way by acceptance.

In view of the fact that the public retains the right to accept the offer, we believe the appellant should be denied a building permit and because this was the final result of the circuit court's order, we affirm. Our decision in this case is instructed to some extent by the fact that there is currently no structure obstructing the dedicated street. Had the City decided to tear down an existing building that had been in place for many years we would have another case that might require the application of equitable as well as legal principles.

Finally, we note our awareness that it is not always desirable to convert all dedicated ways into public ways and that it is sometimes desirable to use property dedicated for public ways for private purposes. In the case before us, we believe that the public right to accept Cole Avenue and convert it into a public way may be disposed of in two ways. First, the appropriate public authority, the City of Elkins, by express act can reject the offer of dedication and thus terminate the offer; or second, the City can accept the dedication and convert the street into a public way. The City then has the option and the authority under *W.Va.Code*, 8–12–5 [1972] to vacate the street.

Accordingly, the judgment of the Circuit Court of Randolph County is affirmed.

Affirmed.