390 S.E.2d 833

**Lloyd D. THORNTON and Margaret Thornton, his Wife,**

v.

**The TOWN OF ELEANOR, a Municipal Corporation.**

**No. 19063.**

Supreme Court of Appeals of West Virginia.

March 12, 1990.

Alfred B. McCuskey, II, St. Albans, for Lloyd D. Thornton and Margaret Thornton.

Mark A. Sorsaia, Hurricane, for Town of Eleanor.

PER CURIAM:

In this appeal from an order of the Circuit Court of Putnam County dated July 8, 1988, we are asked to determine whether the circuit court improperly granted summary judgment in favor of the appellee, the Town of Eleanor. The appellants, Lloyd and Margaret Thornton, contend that the circuit court erred in granting the appellee's motion for summary judgment since there are disputed issues of fact concerning the parties' property rights to a street in the Town of Eleanor known as West C Street. We agree, and accordingly, we reverse the order of the circuit court.

On February 24, 1987, the appellants filed a declaratory judgment action against the appellee to determine the parties' property rights to West C Street. In the complaint, the appellants asserted that they had title to the parcel of land generally known as the "abandoned portion of West C street" and that the land could not be taken or used by the appellee except through eminent domain proceedings.[1] The appellee filed an answer to the com-

plaint asserting that the appellants' title was clouded by virtue of a recorded deed dated May 1, 1946, from the United States of America to Washington Homesteads, Inc.[2] The appellee requested that the complaint be dismissed.

On May 9, 1988, the appellee filed a motion for summary judgment on the grounds that the pleadings showed no genuine issue of material fact on the matters related to the litigation.[3] The appellee contended that West C Street, which runs through the appellants' property, was an existing public road and that it had not been legally abandoned. The appellants did not file any response to the motion.

A hearing was conducted on June 2, 1988, at which time the circuit court heard each party's argument. At the conclusion of the arguments, the circuit court granted the appellee's motion for summary judgment. The court subsequently entered an order finding that West C Street was an existing public road, which had not been legally closed or abandoned, and that it was available for use by the appellee and the public. From that order, the appellants have filed an appeal with this Court.

In an earlier case on the issue of summary judgment, *Aetna Casualty & Surety Co. v. Federal Ins. Co. of N.Y.*, 148 W.Va. 160, 133 S.E.2d 770 (1963), we stated in syllabus point 3: "A motion for summary judgment should be granted only when it is clear that there is no genuine

1. Washington Homesteads, Inc., conveyed this parcel of land to Raymond and Eva Bias on September 14, 1953. Raymond and Eva Bias conveyed the same parcel to the appellants on November 4, 1953.

2. The appellee has also asserted that at the time of this conveyance, a plat was placed on record in the clerk's office of the county commission showing Washington Homesteads, Inc. and its streets. There is no photocopy of this plat, however, in the record before us.

3. The appellants raise the issue of whether the appellee's motion was for summary judgment pursuant to Rule 56 of the West Virginia Rules of Civil Procedure or whether it was a motion for judgment on the pleadings pursuant to Rule 12(c). We recognized in *Barker v. Traders Bank*, 152 W.Va. 774, 778, 166 S.E.2d 331, 334 (1969):

Rule 12(c), for judgment on the pleadings is apropos when a motion for judgment is made after all of the pleadings have been filed and there are no matters to be considered outside the pleadings. While it is true that a motion for summary judgment also may be made under Rule 56 solely upon the pleadings, the procedure thereunder is more applicable where the pleadings are supported by affidavits, depositions, etc.

Here, the appellee and the circuit court have characterized the motion as one for summary judgment. Procedurally, it appears to be a motion for judgment on the pleadings since no affidavits or depositions were filed, and the circuit court found in favor of the appellee solely upon the pleadings. However, we shall treat this as a summary judgment procedure.

issue of fact to be tried and inquiry concerning the facts is not desirable to clarify the application of the law."

 More recently, in *Smith v. Buege*, 182 W.Va. 204, 209, 387 S.E.2d 109, 114 (1989) and *Crain v. Lightner*, 178 W.Va. 765, 769 n. 2, 364 S.E.2d 778, 782 n. 2 (1987), we discussed the parties' respective burdens of proof under Rule 56 of the West Virginia Rules of Civil Procedure.[4] Recognizing that the burden is on the moving party to show that there is no genuine issue of fact, we identified two distinct components of this burden: "an initial burden of production, which may shift to the nonmovant, and an ultimate burden of persuasion as to the nonexistence of a 'genuine issue' which burden always remains on the movant." *Smith*, 182 W.Va. at 209, 387 S.E.2d at 114; *Crain*, 178 W.Va. at 769 n. 2, 364 S.E.2d at 782 n. 2. We further explained:

> If the burden of persuasion on the merits at trial would be on the nonmovant, the movant may satisfy the burden of production under Rule 56 in either of two ways. First, the movant may submit affirmative evidence that negates an essential element of the nonmovant's case. Second, the movant may demonstrate to the trial court that the nonmovant has not mustered any evidence to establish an essential element of the nonmovant's case. Where the movant adopts this second option, the movant may not simply make the conclusory assertion that the nonmovant has no evidence. Instead, the movant must affirmatively show the absence of evidence in the record by reviewing for the court the affidavits, if any, discovery materials, etc. [citations omitted]. *Smith*, 182 W.Va. at 209, 387 S.E.2d at 114; *Crain*, 178 W.Va. at 769 n. 2, 364 S.E.2d at 782 n. 2.

From this discussion, we concluded in syllabus point 1 of *Smith*: "A motion for summary judgment under *W.Va.R.Civ.P.* 56 must be denied when the moving party merely makes the conclusory assertion that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law."

 Here, solely on the basis of the pleadings, the appellee asserted that West C Street was an existing public road established when the United States government created Washington Homesteads, Inc., and that it had never been legally abandoned. In the motion, the appellee merely made a conclusory assertion that there was no genuine issue as to any material fact and failed to identify anything in the record to support this assertion.

Furthermore, the pleadings indicate that there were questions of fact which should have precluded summary judgment. For example, it is not apparent from the record before us whether the appellee or any other public authority exercised control over the street in question. There is a factual question as to whether there was ever a dedication of the street or an acceptance of such dedication by the appellee or any other public authority.[5] Furthermore, the appellants have raised the issue that the street has been abandoned since the deed of conveyance from Washington Homesteads, Inc. to Mr. and Mrs. Bias specifically refers to the road as the "abandoned portion of West C Street."

Therefore, we find that the circuit court erred in granting summary judgment in favor of the appellees. Accordingly, the order of the Circuit Court of Putnam County is reversed and this matter is remanded for further proceedings.

Reversed and remanded.

**4.** As previously noted, our analysis of the parties' respective burdens of proof under Rule 56 is based upon *Celotex Corp. v. Catrett*, 477 U.S. 317, 106 S.Ct. 2458, 91 L.Ed.2d 265 (1986) (Brennan, J., dissenting as to the application of agreed principles to the facts therein, joined by Burger, C.J., and Blackmun, J.).

**5.** *See Bauer Enterprises, Inc. v. City of Elkins*, 173 W.Va. 438, 317 S.E.2d 798 (1984); *State ex rel. Riddle v. Dept. of Highways*, 154 W.Va. 722, 179 S.E.2d 10 (1971); *Rose v. Fisher*, 130 W.Va. 53, 42 S.E.2d 249 (1947); *Huddleston v. Deans*, 124 W.Va. 313, 21 S.E.2d 352 (1942); *Cook v. Totten*, 49 W.Va. 177, 38 S.E. 491 (1901).