# STATE OF WEST VIRGINIA
## SUPREME COURT OF APPEALS

**Joan Phillips,**
**Respondent Below, Petitioner**

**vs)   No. 16-0935** (Kanawha County 07-C-416)

**Wilbur Thaxton II, Petitioner Below, Respondent;**
**Charles Garrett and Cynthia Garrett,**
**Respondents Below, Respondents;**
**City of Charleston, Respondent Below, Respondent**

**FILED**

**November 3, 2017**

EDYTHE NASH GAISER, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

## MEMORANDUM DECISION

Petitioner Joan Phillips, pro se, appeals the order of the Circuit Court of Kanawha County, entered on September 6, 2016, granting Respondent Charles and Cynthia Garrett's ("the Garretts") motion for summary judgment and quieting title to the parties' respective properties. The Garretts, by counsel John P. Fuller and Michael W. Taylor, filed a response in support of the circuit court's order. Respondent Wilbur Thaxton II ("Mr. Thaxton"), pro se, filed a summary response in support of the circuit court's order.[1] Respondent City of Charleston ("the City"), by counsel Paul D. Ellis and Mandi Kay Carter, filed a response in support of the circuit court's order. Petitioner filed a reply.

The Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision affirming the circuit court's order is appropriate under Rule 21 of the Rules of Appellate Procedure.

Petitioner owns property at 635 Piccadilly Street and the Garretts own property at 633 Piccadilly Street within the Allen Addition subdivision in Charleston, West Virginia. Mr. Thaxton owns several lots within the subdivision, either through purchases or by adverse possession. Consequently, Mr. Thaxton filed a petition to quiet title to the subdivision's various lots in 2007.

Because Mr. Thaxton named the other property owners as a group rather than individually, he was allowed to serve them by publication. No other party appeared to oppose Mr. Thaxton's petition. Accordingly, by order entered on October 23, 2007, the circuit court granted Mr.

---

[1]In his one-page summary response, Mr. Thaxton states that he joins in the Garretts' arguments.

1

Thaxton's petition to quiet title to the lots to which he claimed title through adverse possession.

However, in 2009, petitioner filed a motion to set aside the October 23, 2007, order, which the circuit court granted. Thus, the circuit court allowed petitioner to intervene as a party to oppose Mr. Thaxton's petition to quiet title.[2] Thereafter, the Garretts and the City also appeared as interested parties. Following the discovery that the City owned certain unopened rights-of-way—existing only on maps of the subdivision—the Garretts filed a motion for summary judgment on September 8, 2015, on the ground that the other parties could not, through adverse possession, obtain title to any property owned by the City.[3]

The circuit court held a hearing on the Garretts' motion on September 10, 2015. The parties discussed a 36-foot unopened right-of-way known as Thomas Street that abuts Mr. Thaxton's property on its western border and abuts petitioner's property and the Garretts' property on its eastern border. According to the Garretts, because Thomas Street existed on several maps of the subdivision, the City owned the land on which their back deck and driveway were located. Similarly, according to petitioner, if Thomas Street was located where respondents stated that it was located, her backyard would be substantially shortened. However, petitioner contended that Thomas Street was not at that location, but that Thomas Street was, in fact, the same right-of-way as a 26-foot paved utility easement now known as Burr Lane. Identification of Thomas Street as the same right-of-way as Burr Lane would have moved Thomas Street approximately 40 feet westward from the place that respondents stated that it was located, to where it would no longer have encroached upon petitioner's backyard. The City responded that it maintained ownership of Thomas Street, but that it was willing to enter into negotiations with each party for their purchase of that portion of Thomas Street that would give each party title to the land that the party believed to be theirs.

At the hearing's conclusion, the circuit court stated that it would allow the other parties to file responses to the Garretts' motion for summary judgment and that, following the filing of those responses, it would deem the case submitted for decision.[4] Petitioner filed her response to the motion for summary judgment on September 18, 2015. Mr. Thaxton filed a response on September

---

[2]At the same time as her motion to set aside the October 23, 2007, order, petitioner also filed her own petition to quiet title in a separate civil action, Case No. 09-C-331. In its order granting petitioner's motion to set aside, the circuit court consolidated Case No. 09-C-331 with the instant case, Case No. 07-C-416.

[3]According to petitioner, this case laid dormant for several years prior to the September 8, 2015, filing of the Garretts' motion for summary judgment. At the September 10, 2015, hearing on the Garretts' motion, they indicated that the delay in the case was due to an investigation into whether the City owned unopened rights-of-way within the subdivision.

[4]No party objected to the circuit court's ruling to deem the case submitted for decision following the filing of responses to the motion for summary judgment.

25, 2015, which constituted a reply to petitioner's response. Also, on September 25, 2015, petitioner filed a pleading, in which she accused Mr. Thaxton of fraudulently using her property to obtain a loan. Finally, petitioner filed another pleading on September 29, 2015, and attached the 1926 map, which she alleged showed that Thomas Street was the same road as Burr Lane.

By order entered on September 6, 2016, the circuit court quieted title to the parties' respective properties. With regard to petitioner's property and Thomas Street,[5] the circuit court found that (1) as a matter of law, title could not be obtained to a public right-of-way through adverse possession; (2) the City's ownership of Thomas Street "is not challenged" by the other parties; (3) Thomas Street was not the same road as Burr Lane; and (4) the maps of the subdivision showed Thomas Street at a location that gave the City ownership of substantial portions of petitioner's and the Garretts' backyards. Accordingly, the circuit court ruled that the City owned Thomas Street and that the other parties owned their properties up to the borders of Thomas Street.

Petitioner appeals the circuit court's September 6, 2016, order granting the Garretts' motion for summary judgment. "A circuit court's entry of summary judgment is reviewed *de novo.*" Syl. Pt. 1, *Painter v. Peavy,* 192 W.Va. 189, 451 S.E.2d 755 (1994). Rule 56(c) of the West Virginia Rules of Civil Procedure provides that summary judgment shall be granted where "there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." In syllabus point 4 of *Painter*, we held that "[s]ummary judgment is appropriate where the record taken as a whole could not lead a rational trier of fact to find for the nonmoving party." 192 W.Va. at 190, 451 S.E.2d at 756.

On appeal, petitioner contends that the City does not own Thomas Street. Respondents counter that petitioner waived this issue because she failed to dispute the City's ownership of Thomas Street before the circuit court. We agree with respondents.

"This Court will not pass on a non[-]jurisdictional question which has not been decided by the trial court in the first instance." *Watts v. Ballard*, 238 W.Va. 730, 735 n.7, 798 S.E.2d 856, 861 n.7 (2017) (quoting Syl. Pt. 2, *Sands v. Sec. Trust Co.*, 143 W.Va. 522, 102 S.E.2d 733 (1958)). Moreover, Rule 10(c)(7) of the West Virginia Rules of Appellate Procedure provides as follows: "The argument must contain appropriate and specific citations to the record on appeal, including citations that pinpoint when and how the issues in the assignments of error were presented to the lower tribunal. The Court may disregard errors that are not adequately supported by specific references to the record on appeal." Though petitioner filed a reply, she neither responds to the argument that she failed to dispute the City's ownership of Thomas Street nor gives a specific citation that pinpoints when and how she raised the issue with the circuit court. Therefore, we decline to address the issue for the first time on appeal.

Because Thomas Street is an unopened right-of-way, it exists only on maps of the

---

[5]Because no other party appeals the circuit court's September 6, 2016, order, we set forth only those rulings that address petitioner's property and Thomas Street, the location of which affects all the parties' properties.

subdivision. Respondents argue that the circuit court properly found that, as a matter of law, the other parties could not obtain title to the land dedicated for Thomas Street through adverse possession because the City owns it. In *Huddleston v. Deans*, 124 W.Va. 313, 321, 21 S.E.2d 352, 357 (1942), we found that "[t]he public, immediately upon an offer of dedication, becomes vested with an interest in the property affected thereby, of which it can take advantage at any time, and that such rights may not be taken away from the public by adverse possession." In syllabus point 5 of *A & M Properties, Inc. v. Norfolk Southern Corp.*, 203 W.Va. 189, 506 S.E.2d 632 (1998), we similarly held that "neither adverse possession, prescriptive easement, nor equitable estoppel may lie against a public highway." *See also Bauer Enterprises, Inc. v. City of Elkins*, 173 W.Va. 438, 442, 317 S.E.2d 798, 801 (1984) (per curiam) (finding that "there can be no adverse possession of a public way"). Therefore, we conclude that the circuit court properly found that the other parties could legally not obtain title to Thomas Street through adverse possession.

With regard to Thomas Street's location, petitioner contends that the 1926 map of the subdivision shows that Thomas Street is the same road as the utility easement now known as Burr Lane, which does not encroach upon her backyard. Respondents counter that, based on a 2008 map prepared by a certified surveyor and the tax map from the Kanawha County Assessor's Office, Thomas Street and Burr Lane are separate rights-of-way and that Thomas Street is located where the circuit court found that it was. We agree with respondents.

Based on our review of the three maps, we find that Thomas Street is found at the same location on all of them. Moreover, the 1940 revision of the 1926 map is also contained in the record. At the time that the 1940 revised map was prepared, a proposal existed to turn a substantial part of the subdivision into a cemetery with a portion of Thomas Street being given over to burial plots. The 1940 revised map does not label Thomas Street as such, but still locates the street at the same place as do the 1926 map and the two maps that were prepared after the cemetery proposal fell through. Also, the 1940 revised map shows a 26-foot right-of-way *to the west of* Thomas Street that is labelled as the "entrance" to the proposed cemetery, which is the same width as the utility easement now known as Burr Lane. Thus, we find that the 1940 revision of the 1926 map on which petitioner relies shows that Thomas Street and Burr Lane are two separate rights-of-way at two separate locations. Accordingly, we further find that no rational trier of fact could find in petitioner's favor regarding Thomas Street's location. Therefore, we conclude that the circuit court properly found that the City owns a substantial portion of petitioner's backyard.[6]

For the foregoing reasons, we affirm the circuit court's September 6, 2016, order granting the Garretts' motion for summary judgment and quieting title to the parties' respective properties.

Affirmed.

**ISSUED:**   November 3, 2017

---

[6]As noted previously, at the September 10, 2015, hearing, the City stated that it was willing to enter into negotiations with petitioner for her purchase of that portion of Thomas Street that would give petitioner title to the land that she believed to be hers.

**CONCURRED IN BY:**

Chief Justice Allen H. Loughry II
Justice Robin Jean Davis
Justice Margaret L. Workman
Justice Menis E. Ketchum
Justice Elizabeth D. Walker