# CHARLESTON.

GEORGE R. CARSON *v.* JACKSON LAND AND MINING COM-
PANY *et als.*

Submitted April 11, 1922.    Decided April 18, 1922.

1.  EASEMENTS—*Parties Buying Lots Held to Acquire Easements
    to Streets, Alleys, and Bridge Shown on Plat.*

    Where the owner of a tract of land lays the same off into
    lots, streets and alleys, and constructs a bridge connecting
    one of the streets so laid off with a street of an incorporated
    city lying on the opposite side of a practically impassable
    obstruction, and makes a plat upon which the lots, streets,
    alleys and bridge are shown, and records said plat in the
    office of the clerk of the county court, and sells the lots in-
    dicated thereon with reference thereto, the purchasers of such
    lots, as an incident to their purchases, acquire an easement in
    such streets and alleys, and the bridge shown upon said plat,
    whether the same are ever formally accepted by any public
    authority or not.    (p. 783).

2.  SAME—*Duty to Maintain Rests Upon Owner of Easement in
    Absence of Contractual or Prescriptive Obligation on
    Servient Owner.*

    The duty to maintain an easement in such condition that
    it may be enjoyed is upon those entitled to its use, in the
    absence of some contractual or prescriptive obligation upon
    the owner of the servient estate to so maintain it.    (p. 784).

3.  SAME—*Servient Owners Not Bound to Keep up Bridge and
    Not Liable for Injuries Thereon.*

    Where the owners of a tract of land lay the same off into
    lots, streets and alleys, and connect one of the streets thus
    laid off with an incorporated city lying across a practically
    impassable hindrance or obstacle, and make and record in
    the office of the clerk of the county court a plat showing such
    streets and alleys, and the bridge thus constructed, and make
    sale of the lots thus laid off, there is no duty upon the par-
    ties so laying off said lots and selling the same to maintain
    said bridge in a reasonably safe condition for the use of the
    purchasers of the lots.    (p. 784).

Error to Circuit Court, Harrison County.

Action by George R. Carson against the Jackson Land
& Mining Company and others.    Demurrer to declaration

sustained, and plaintiff, not desiring to amend, judgment of nil capiat was rendered, and plaintiff brings error.

*Affirmed.*

*G. H. Duthie* and *Law & McCue,* for plaintiff in error.

*Millard F. Snider* and *Steptoe & Johnson,* for defendants in error.

RITZ, JUDGE:

This suit was instituted for the purpose of recovering damages for the death of plaintiff's intestate from a fall through a bridge, which it is claimed the defendants were under the duty to keep in good order and repair. The court below sustained a demurrer to the declaration as amended, and the plaintiff, not desiring to further amend, a judgment of *nil capiat* was rendered, to review which this writ of error is prosecuted.

The declaration as amended alleges that in the year 1911 the defendants were the owners of a tract or parcel of land situate near the city of Clarksburg, and on the north side of the Baltimore and Ohio Railroad Company's tracks and right-of-way; that at or about that time they caused the same to be laid off into town lots, streets and alleys, and made a plat thereof designating the same as the Jackson-Snider and Maxwell Addition to Clarksburg, and caused said plat to be recorded in the office of the county clerk of Harrison county designated as "Montpelier Plat No. 1"; that since said time the defendants have offered for sale, and have sold to persons desiring to purchase the same, many of the lots or parcels of land shown upon said plat; that about the same time the defendants built a bridge designated on the said plat as Montpelier Bridge, constructed of iron, stone, etc., over and across the tracks of the Baltimore & Ohio Railroad Company, and about 25 feet above the level of said tracks; that said bridge was constructed for the accommodation of vehicles, as well as pedestrians desiring to use the same, and extends from the lots platted and laid off as aforesaid across the said railroad, and connects the same

with Pike Street in the city of Clarksburg; that the said bridge was constructed by the defendants as a means of approach from the said city of Clarksburg to the said Montpelier Addition, and for the purpose of making access to said lots more convenient, and for the purpose of making said lots more attractive to prospective purchasers, and was open to and ever since has been used by all persons owning a lot or lots in said addition, or any persons transacting any business in said addition, and that the same is the only convenient and accessible way to said lots from the city of Clarksburg; that the said bridge was open to general use by the public, and that the public used the same by the invitation and consent of the defendants; that in September, 1917, the plaintiff purchased from the defendant land company a certain lot situate in said addition with the buildings thereon and appurtenances thereunto belonging, upon which lot he lived with his family at the time of the injury complained of, and that he, together with all members of his family, with the knowledge, invitation and consent of the defendants, used the said bridge across the said railroad tracks in going to and from the city of Clarksburg and other places; that at the time of the happening of the accident to the plaintiff's decedent the said bridge had not been accepted by the county court of Harrison county, or by the common council of the city of Clarksburg as and for a public bridge; that it became and was the duty of the defendant under the circumstances to keep the said bridge in reasonably good and safe condition for travel thereon and thereover by the plaintiff and members of his family; that the defendants did not perform their obligation in this regard, but allowed the said bridge to become out of repair and in an unsafe condition for travel, by means whereof, in June, 1920, the plaintiff's intestate, a boy four years of age, accompanied by his sister, when walking across said bridge in the exercise of due care, fell with great force and violence through the floor thereof to the tracks of the railway company underneath, and sustained injuries from which he died.

The defendants insist that the declaration does not state a cause of action against them for two reasons: First, because

the laying off of the tract of land into lots, streets and alleys, and making a plat thereof, together with the bridge in question, and selling lots in relation thereto, constituted an irrevocable dedication by the defendants of the streets, alleys and bridge shown upon said plat to the purpose thereon indicated, whether the same had ever been accepted formally by any public authority or not; that when they sold the lots in said addition, they in effect conveyed to each purchaser not only the lot covered by his deed, but also an irrevocable easement in the bridge, streets and alleys, and that they were under no obligation to maintain this easement in such condition that it could be used safely; and, Second, that the legislature by extending the corporate limits of the city of Clarksburg in the year 1917, so as to include this Montpelier Addition, thereby accepted on behalf of the public authorities the streets and alleys, as well as the bridge shown upon said plat, and the duty to maintain the same in good order and repair from that time devolved upon the city of Clarksburg.

It cannot be doubted but that when the defendants laid off this tract of land and made the plat thereof, and recorded the same in the county clerk's office, and sold lots in regard thereto, the purchasers of such lots acquired an easement in the streets, alleys, and public ways shown upon said plat, whether the same were accepted by any public authority or not, and they could not be deprived of this easement or right by the proprietors of the sub-division without their consent. *Cook* v. *Totten*, 49 W. Va. 177; *Edwards* v. *Moundsville Land Co.*, 56 W. Va. 43; *Griffin* v. *Richardson*, 83 W. Va. 442. It is likewise very well established that the owner of an estate over which there exists an easement is under no obligation to maintain the easement in a condition fit for use. The duty to maintain it so that it may be enjoyed rests upon those entitled to its enjoyment, in the absence of some contractual or prescriptive relation imposing this duty upon the owner of the servient estate. *Griffin* v. *Richardson, supra;* 9 R. C. L., title "Easements" § 51 and authorities there cited; *Nichols* v. *Peck*, 70 Conn. 439, 40 L. R. A. 81, 66 Am. St. Rep. 122; *City of Bellevue* v. *Daly*, 14 Idaho 545, 94 Pac. 1036, 15

L. R. A. (N. S.) 992; *Hammond* v. *Hammond*, 258 Pa. 51, 101 Atl. 855, L. R. A. 1918 A. 590; *Lamb* v *Lamb*, 177 N. C. 150; *Dudgeon* v. *Bronson*, 159 Ind. 562, 64 N. E. 910, 95 Am. St. Rep. 315, and note at page 328; *Walker* v. *Pierce*, 38 Vt. 94; *Brill* v. *Brill*, 108 N. Y. 511; *Kirkland* v. *Pitman*, 122 Ga. 256.   This citation of authorities might be extended by the addition of many other adjudicated cases, but the foregoing sufficiently illustrate the principle, from which there seems to be no dissent, that the owner of an easement over the lands of another is under the obligation to keep such easement in proper condition to be enjoyed, in the absence of an agreement devolving this duty on the owner of the servient estate. It is insisted here, however, that the relation of the parties to this bridge is very different from their relation to the streets in the sub-division, and their rights and obligations in regard thereto are not the same as the relative rights and duties of the parties in relation to the easement over the streets.    It is insisted that the bridge is not a part of the system of streets and alleys in which the purchasers of lots acquired an easement, but is an instrumentality owned by the defendants which they invite the lot owners to use, and their liability is determined by the law governing the duty of one to keep his premises in a safe condition, or else pay damages to a person whom he invites to come thereon who may be injured because of their unsafe condition.   It is a little difficult to understand how the duty of the parties in regard to the bridge can be any different from their relative duties in regard to the streets and alleys in the sub-division.   The averment of the declaration is that this bridge was laid down upon the plat, and that it connected one of the streets of the sub-division with one of the streets of the city of Clarksburg, and formed the only practicable way of passing from the one to the other. The fact that the easement provided for travel was not upon the surface of the ground can make it no less a street.   The action of the defendants in constructing this bridge and laying it down upon the plat as a part of one of the streets of their sub-division as between themselves and the purchasers of said lots irrevocably dedicated it to the use of such purchasers, and when the lots were sold each purchaser, as an inci-

dent to the grant of the lot, acquired an easement not only in the streets and alleys as they existed upon the surface of the ground, but also in this bridge, as it then existed. The plaintiff's intestate was not upon this bridge as an invitee of the defendants. He was on there in the exercise of his rights under the easement granted as incident to the conveyance of the lot to the plaintiff. When the plaintiff purchased the house and lot in this sub-division he acquired the right to use this bridge, not as an invitee of the defendants, but as the owner of an easement in it, and when he or his family used the bridge he was using his own property, and was not using the property of the defendants at all. When the defendants laid off these lots and constructed this bridge as a part of one of the streets they in effect said to the purchasers of lots: "We have provided streets and alleys in this sub-division as laid down upon this plat, and as indicated upon the ground. We have likewise provided as a means of access from this sub-division to the business sections of the city of Clarksburg the bridge laid down upon the map, and also actually constructed upon the ground. We dedicate these streets and this bridge to the use of purchasers of our lots." Thereafter the purchasers of said lots owned an estate in the streets and alleys, and in the bridge, superior to that of anyone else, and their right to use the streets and alleys, and the bridge, constitutes an easement which is dominant to any estate remaining in the defendants, if, indeed, there remains any such estate. The case of *Oney* v. *West Buena Vista Land Company,* 104 Va. 580, 52 S. E. 343, 113 Am. St. Rep. 1066, 2 L. R. A. (N. S.) 832, involved the rights of parties in a bridge under circumstances very similar to those existing here. In that case the land company had laid off a tract of land into lots and constructed a bridge across the river connecting one of the streets of their sub-division with one of the streets of Buena Vista, and one of the questions involved in the case was upon whom devolved the duty to maintain this bridge? The court in that case, in a well-reasoned opinion, held that after the land company built the bridge and dedicated it upon its plat to the purchasers of the lots, its duty was at an end; that the lot owners then became the owners of

the dominant estate in the bridge, and the duty devolved upon them to keep it in repair. Another case which throws some light upon the question involved here is that of *Cole* v. *Pierce,* (N. H.) 106 Atl. 605. In that case there were two mills on a canal fed by water from a dam in a stream, which were conveyed, the lower mill to the plaintiff, and the upper mill together with the dam to the defendant. The deed to the plaintiff gave him the right to draw water from the stream by means of the dam. The plaintiff insisted that it was the duty of the defendant to maintain the dam so that the water to which he was entitled might be derived therefrom, but the court held that the defendant was under no duty in that regard so far as the plaintiff was concerned.

It results from what we have said that the owners of the lots in this Montpelier Sub-Division own an easement in this bridge, as well as the streets used in connection with it, and that there was no duty upon the defendants after the dedication of this bridge to that purpose to maintain the same so that the lot owners might enjoy their easement. Having come to this conclusion, it is unnecessary for us to consider whether or not the legislature accepted this bridge and the streets laid off in the Montpelier Addition by the adoption of a new charter for the city of Clarksburg, under the terms of which this addition, as well as the bridge, were included within the corporate limits of said city.

Our conclusion is that the declaration does not state a cause of action against the defendants, and the judgment complained of is affirmed.

*Affirmed.*