310 S.E.2d 499

**James M. REGER, et al.**

v.

**Joseph E. WIEST, et al.**

**No. 15719.**

Supreme Court of Appeals of West Virginia.

Dec. 19, 1983.

Terry D. Reed, Hymes & Coonts, Buckhannon, for appellants.

J. Burton Hunter, III, Buckhannon, Robert M. Morris, Weston, for appellees.

PER CURIAM:

This is an appeal by Joseph and Jeanie Wiest, the defendants below, from a final order of the Circuit Court of Upshur County entered on July 22, 1983. The court ruled that James and Ruth Reger, the plaintiffs, had acquired an easement in and right to use a way known as Mountain Vista Drive. The court also ruled that the defendants had not acquired any portion of that way through adverse possession and that the public had a right to use a private way heretofore granted to the Wiests' predecessors in interest and claimed exclusively by the Wiests. After examining the record of this case, we conclude that the trial court erred in part.

The Wiests and the Regers are both owners of lots in a subdivision located in Buckhannon, Upshur County. The lots are located on the top of a hill and are shown and delineated on a plat of the subdivision filed in the Upshur County Clerk's Office in 1891. That plat indicates that a public way designated as Mountain Vista Drive or Mountain Vista Street surrounds the top of the hill and the lots owned by the Wiests and the Regers. According to the record before us, the public way designated as Mountain Vista Drive was never actually developed and it now exists simply as a platted or paper street.

The Wiests own a home and live on their property at the top of the hill. Their predecessors in interest acquired by express grant from the owner of an adjoining tract of land, a private right of way to their property. The right of way does not follow Mountain Vista Drive as delineated upon the plat. Instead, it follows a wholly different course that crosses the platted drive at one point.

In the early 1960's the Wiests' predecessors in interest planted a grove of pine trees on their property. The grove extended onto a portion of Mountain Vista Drive as shown on the plat of the subdivision. The record, as made before the trial court, clearly indicates that the trees have occupied that portion of the street as designated for over ten years.

In 1980 the Regers filed suit to enjoin the Wiests from blocking or denying them use of Mountain Vista Drive as designated on the plat of the subdivision. They alleged that the street provided the only reasonable means of ingress and egress to and from their property. They did not seek to use the private access road which the Wiests' predecessors in interest had acquired by specific grant. In their answer to the complaint, the Wiests alleged that they had acquired title by adverse possession to that portion of Mountain Vista Drive occupied by the pine grove.

After the filing of the pleadings, a trial was conducted before the Circuit Court of Upshur County sitting without a jury. Although it was not an issue in the pleadings or at the beginning of the trial, evidence was adduced regarding the private drive or access road as well as the platted Mountain Vista Drive. The Regers apparently alleged that the Wiests' private access road had become a public way. At the conclusion of the trial, the court ruled in favor of the Regers and the Wiests appealed.

The first question in this case is whether the court was correct in ruling that the access road in question is a public way. The evidence on this point at trial indicated that the access road is not a public way. The defendant Jeanie Wiest, testified that she and her husband had purchased the access road as a right of way when they purchased their property. The only other persons in the subdivision with the right to use the road were neighbors of the Wiests, the Pipers. However, the City Water Board also used the road under an agreement with the Wiests' predecessors in interest. Dr. Wiest testified that the road was not open to the public, that it was narrow and had several blind curves, and that she and her husband had erected a chain and no trespassing signs to keep the public off of the road.

Harley Brown, an employee of the water company, testified that the city had obtained a right of way to travel on the Wiests' property to get to a water tower owned by the city and that the only regular use of the road was by the Wiests and the water company. Mr. Brown also testified that one of the Wiests' predecessors in interest had erected a private drive sign on the lower portion of the road and that the sign had been there "for ever and ever." Finally, Mr. Brown testified that he had never seen the plaintiff in the area.

On the access road issue, Mr. Reger testified that he was aware that the city had used the road to reach the water tower and had upgraded the road at times to assure its availability for use. He also testified that he had used the road "quite a number of times" when he took his friends to the area to see the view. Mr. Reger stated that he had taken a bulldozer and a tractor to the area approximately four years prior to the trial in order to mow the grass on his property. Finally, Mr. Reger testified that the Wiests had erected a chain across the road to keep the public away.

■ In Syllabus Point 4 of *Ryan v. The County Court of Monongalia County*, 86 W.Va. 40, 102 S.E. 731 (1920), we stated:

"Generally there are but three methods by which the public may acquire a valid right to use land owned by another as and for a public road or highway: (1) By condemnation proceeding, with compensation to the property owner for the damage resulting from such forceful taking; (2) by continuous and adverse user by the public during the statutory period,

accompanied by some official recognition thereof as a public road by the county court, as by work done on it by a supervisor acting by appointment of that tribunal; (3) by the owner's dedication of the land to the public use, or by his consent to such use given in writing, and acceptance of the dedication by the proper authorities."

■ None of these methods was followed in the present case for the purpose of converting the Wiests' private access road into a public thoroughfare. With regard to the first enumerated factor in *Ryan,* there is no claim that a right of way across the access road was obtained by condemnation. As to the second, the evidence at trial showed that there was only sporadic or occasional use of the road by the public. There was no evidence whatsoever to indicate that there was anything more than infrequent use of the road by other than the defendants, the Pipers, and the water company. The company, of course, had an agreement to use the road and permissive use is not adverse. There is no question that the third method was not followed. The access road was not shown on the plat filed in the clerk's office, was never dedicated to the public, and was never accepted by public officials. In view of these facts, we find that the trial court erred in declaring the access road to be a public way.

■ The second issue in this case is whether the court was correct in ruling that the plaintiffs had acquired an easement over Mountain Vista Drive as shown and delineated on the plat. Syllabus Point 2 of *Cook v. Totten,* 49 W.Va. 177, 38 S.E. 491 (1901) provides:

"When lands are laid off into lots, streets, and alleys, and a map plat thereof is made, all lots sold and conveyed by reference thereto, without reservation, carry with them, as appurtenant thereto, the right to the use of the easement in such streets and alleys necessary to the enjoyment and value of such lots."

■ The trial court found in this case that the use of Mountain Vista Drive by the plaintiffs was reasonably necessary for the enjoyment and value to their property. After examining the record on this point, we conclude that the evidence was sufficient to make such finding. Applying the above syllabus point to this finding of fact, we conclude that the court was correct in granting the plaintiffs an easement over Mountain Vista Drive. We recognize that the road (Mountain Vista) is but a paper road. However, appellees have the right to open that road and to use it in a reasonable way for access to their property.

■ The third and final issue in this case is whether the appellants have acquired title through adverse possession to that portion of Mountain Vista Drive blocked by the grove of pine trees. Syllabus Point 3 of *Somon v. Murphy Fabrication & Erection Co.,* 160 W.Va. 84, 232 S.E.2d 524 (1977) states the law on adverse possession:

"One who seeks to assert title to a tract of land under the doctrine of adverse possession must prove each of the following elements for the requisite statutory period: (1) That he has held the tract adversely or hostilely; (2) That the possession has been actual; (3) That it has been open and notorious (sometimes stated in the cases as visible and notorious); (4) That possession has been exclusive; (5) That possession has been continuous; (6) That possession has been under claim of title or color of title."

■ We need not determine whether all six of the elements are present in the case before us because the record is clear that the first element is not present. The Wiests purchased their property in 1975 from Herbert Jack. Mr. Jack testified at the hearing that he had never claimed ownership of Mountain Vista Drive as it circles around the hill and although he had trimmed some of the pine trees in the grove on occasion, he had never claimed the area by adverse possession. Although the defendants claim the area adversely, they have not done so for the statutory ten year period. While we have recognized on

occasion that two consecutive owners can tack periods of adverse possession to satisfy the ten year requirement, since the evidence in the case before us shows that Herbert Jack did not adversely possess the property, we are of the opinion that the rule regarding tacking is inapplicable here. Therefore, the defendants' claim of adverse possession fails.

Accordingly, the judgment of the Circuit Court of Upshur County is affirmed in part and reversed in part.

Affirmed in part; reversed in part.