359 S.E.2d 342

**Patricia Gail COOK**

v.

**William COOK.**

**No. 17104.**

Supreme Court of
Appeals of West Virginia.

June 12, 1987.

note 1, *supra*.

Thomas M. Plymale, Fisher & Young, Huntington, for appellant.

William L. Redd, Huntington, for appellee.

PER CURIAM:

The appellant, William Cook, appeals from an order of the Circuit Court of Wayne County dismissing a counterclaim against his former wife, Patricia Gail Cook, the appellee. This Court has before it the petition for appeal, all matters of record and briefs.

The appellant and the appellee were married on February 25, 1982, in Grundy, Virginia. Six months later, the appellant created a joint tenancy with the right of survivorship with the appellee from two tracts of land in Wayne County. The land ·had been acquired by the appellant in 1974, conveyed to him by deed. Less than one year after their marriage, the appellee filed for divorce. The divorce was granted on August 22, 1983. The dispute in this case concerns the two tracts of land. The appellant claims that the appellee agreed to convey her interest in the real estate, in consideration of $10,000 on March 22, 1983. On numerous occasions, the appellant claims, he asked the appellee to convey her interest in the real estate as agreed. The appellee, however, refused. The appellee does not deny that this agreement took place between the parties.

The appellee contends that because the alleged agreement was not raised by the appellant as part of the divorce case and subsequent settlement, the doctrine of *res judicata* precludes the appellant from pursuing the claim. The final divorce order included: custody and visitation rights of the child born of the marriage union; * social security benefits for the child; rent; possession of a jointly-owned automobile; attorney fees and court costs; outstanding debts of the marriage, incurred prior to the date of separation; hospitalization insurance for the child; disposition of household goods and furnishings; mutual injunctions; and waiver of alimony. There was no mention of any agreement involving a real estate transaction.

The appellee filed suit to partition the real estate at issue on May 8, 1984. The appellant counterclaimed, alleging that the appellee had agreed to transfer her interest in the property to him for the $10,000. The appellee's amended reply to the counterclaim alleged that the doctrines of *res judicata* and collateral estoppel would bar the appellant from raising the agreement to transfer issue. The Circuit Court of Wayne County dismissed the appellant's

---

* At the time of the final divorce proceeding, the appellee was expecting another child. The parties agreed that child support and related expenses would be matters held in abeyance.

counterclaim, accepting the appellee's contention.

 We note at the outset that prior to 1984, a court adjudicating matters pertaining to a divorce had limited jurisdiction to rule on issues relating to division of marital property. "Since the authority of a circuit court in divorce matters is entirely statutory, the court does not have power in a divorce action to transfer title to real property from one spouse to another either in lieu of or as a supplement to alimony or child support; . . ." Syl. pt. 2, in part, *Patterson v. Patterson,* 167 W.Va. 1, 277 S.E.2d 709 (1981). *See also Simmons v. Simmons,* 171 W.Va. 170, 298 S.E.2d 144 (1982); *Murredu v. Murredu,* 160 W.Va. 610, 236 S.E.2d 452 (1977); syllabus, *State ex rel. Collins v. Muntzing,* 151 W.Va. 843, 157 S.E.2d 16 (1967); syl. pt. 3, *State ex rel. Hammond v. Worrell,* 144 W.Va. 83, 106 S.E.2d 521 (1958). The holding of *Patterson,* as it pertains to equitable distribution of real property, was not altered by this Court in its most recent major decision in this area. *LaRue v. LaRue,* 172 W.Va. 158, 304 S.E.2d 312 (1983). In 1984, the Legislature enacted *W.Va.Code,* 48–2–32, which gives the court explicit authority to divide marital property. *See W.Va.Code,* 48–2–32(b)(2) [1984]. The events in the case before us transpired prior to the enactment of *W.Va.Code,* 48–2–32. Therefore, in this case, the Circuit Court of Wayne County did not have jurisdiction to rule on the real property issue at the final divorce proceeding. Neither party indicated that it was part of the separation terms.

■ Moreover, even if the trial court did have the jurisdiction to rule on the real property in dispute, *res judicata* would not preclude the appellant's counterclaim. The doctrine of *res judicata* guards the finality of a court's decision. *Moore v. Sun Lumber Co.,* 166 W.Va. 735, 738, 276 S.E.2d 797, 800 (1981). *See also Moran v. Reed,* 175 W.Va. 698, 338 S.E.2d 175 (1985); *Conley v. Spillers,* 171 W.Va. 584, 301 S.E.2d 216 (1983). "It is well settled law that final adjudication of matters involved in one proceeding can not be relitigated in a subsequent proceeding between the same parties." *State ex rel. West Virginia Department of Public Assistance v. See,* 145 W.Va. 322, 332, 115 S.E.2d 144, 151 (1960). The appellee contends that because the appellant could have raised the issue of the real property dispute as part of the settlement at the final divorce proceeding, the appellant is now barred from litigating the issue. We do not agree. "One of the essentials of *res judicata* is that the issue raised in the second action or suit must be identical with the issue raised and determined in the first action or suit." Syl. pt. 1, *Soto v. Hope Natural Gas Co.,* 142 W.Va. 373, 95 S.E.2d 769 (1956). *See also Conley,* 171 W.Va. at 589, 301 S.E.2d at 220. In the case now before us, the first action was a divorce proceeding. It was not an inquiry to determine whether the appellant and appellee had entered into the real estate agreement. The subsequent action, a suit to partition, was apart from the divorce settlement. Clearly, though, the actions were not identical, and ensuing litigation over the transaction should not have been precluded. Accordingly, it was error to apply the doctrine of *res judicata* to the appellant's counterclaim.

The judgment of the Circuit Court of Wayne County is reversed and the case is remanded for a proceeding not inconsistent with this opinion.

Reversed and remanded.