460 S.E.2d 477

**Peter B. MORAN and Patricia Jean Moran, Plaintiffs Below, Appellees,**

v.

**Lila Mae EDMAN, Defendant Below, Appellant.**

No. 21690.

Supreme Court of Appeals of West Virginia.

Submitted May 9, 1995.

Decided July 13, 1995.

Ross Maruka, Fairmont, for appellees.

Michael F. Niggemyer, Charleston, for appellant.

PER CURIAM:

The appellant in this proceeding, Lila M. Edman, claims that the Circuit Court of Marion County committed several errors in reaching the conclusion that the appellees, Peter B. Moran and Patricia Moran, had an easement by prescription to use a road across her property. She also claims that the circuit court erred in requiring her to assist in maintaining the road. After reviewing the questions presented and the record, this Court concludes that the circuit court properly found that the Morans had the prescriptive easement, but improperly directed Lila M. Edman to contribute to the upkeep of the road. The judgment of the circuit court is, therefore, affirmed in part and reversed in part.

In their complaint instituting this action, the appellees, Peter B. Moran and Patricia Jean Moran, asserted that for fifty years prior to their purchase of a certain parcel of real estate, they, and/or their predecessors in title, had used a road which ran across the appellant's property. They claimed that as a result of the use, they had acquired an easement by prescription to use the road and that Lila M. Edman had wrongfully interfered with their easement by placing a locked gate across it.

The Morans prayed for a declaratory judgment officially recognizing their easement, and they sought a permanent injunction directing Lila M. Edman to provide them with a key to the gate obstructing the road. They also sought monetary damages sufficient to compensate them for their loss of the use of the easement, attorneys' fees, interest, and costs. They did not seek an order requiring Lila M. Edman to maintain, or to contribute to the upkeep of, the road.

In answering the Morans' complaint, Lila M. Edman asserted that the Circuit Court of Marion County, in a previous civil action, Civil Action No. 78–C–542, had declared that the road in question was not a public road and that that ruling, under the principles of *res judicata,* barred the Morans' claim. She also denied that the Morans or their predecessors had used the road in such a way as would support the establishment of an easement by prescription.

The Circuit Court of Marion County conducted hearings in the case and, on May 31, 1992, entered the order from which Lila M. Edman now appeals. In that order, the circuit court initially discussed the prior civil action and its *res judicata* effect on the Morans' action. The court said:

> In 1978 the West Virginia Department of Highways brought suit against Clarence D. Edman in the Circuit Court of Marion County, Civil Action' No. 78–C–542. The results of that action have no bearing upon the matters at issue in this case.

The court then discussed the facts bearing on the Morans' prescriptive easement claim. The court found:

> For more than sixty (60) years prior to the purchase by plaintiffs of plaintiffs' real estate and from the time of the purchase of said real estate by plaintiffs, until on or about October ___, 1990, plaintiffs' predecessors in title and plaintiffs have used a road upon, across and through defendant's real estate, as a means of ingress and egress, by foot and by motor vehicle, to and from plaintiffs' real estate. Said use occurred during the time that defendant's real estate was owned by defendant's predecessor in title, and also during the time said real estate was owned by her.

The court concluded:

> The use of said road by plaintiffs' predecessors in title and by plaintiffs, for approximately eighty (80) years, has been actual, adverse, under a claim of right, exclusive, open, notorious, continuous, uninterrupted, and with the knowledge and acquiescence of defendant and her predecessors in title. Plaintiffs therefore have an easement upon, across and through defendant's real estate by prescription.

The court ordered Lila M. Edman to allow the Morans to use the road and to provide them with a key to any gate or barrier across

it. The court denied the Morans' prayer for damages, but proceeded to rule that:

> Plaintiffs [the Morans] and defendant [Lila M. Edman] shall jointly bear the cost of maintenance from the beginning of said road to the place on said road near which defendant's home was previously located. Plaintiffs shall maintain said road from the place on said road near which defendant's home was previously located to plaintiffs' property.

On appeal, Lila M. Edman's first assignment of error is that the circuit court erred in not holding that the prior decision of the Circuit Court of Marion County in Civil Action No. 78–C–542, "West Virginia Department of Highways v. Edman," was *res judicata* to the issues in the present case. Essentially, she claims that the earlier ruling held that the road in question was not a public road and that, consequently, the circuit court erred in holding that the Morans had a prescriptive easement over the road.

An examination of the record shows that the earlier action, Civil Action No. 78–C–542, was instituted by the West Virginia Department of Highways against Lila M. Edman's now-deceased husband, Clarence D. Edman. In the complaint in that action, the West Virginia Department of Highways apparently prayed that the road in question in the present case be declared a public road and that Clarence D. Edman be enjoined from preventing the public's use of it by obstructing it with a gate, or gates.

After development of Civil Action No. 78–C–542, the Circuit Court of Marion County ruled that a public authority had never accepted the road as a public road and that it, consequently, was not a public road under the law of this State. The court also concluded that since the road was not a public road, the placing of a gate or gates across it did not constitute an illegal obstruction of or interference with the public's rights.[1] The court's order stated:

---

1. The court actually stated:
   The Court concludes as a matter of law that the road, referred to as Marion County Route 73/2, prior to the construction of Interstate 79, and now referred to as Marion County Route 78/4 in the Complaint, is a private but not a public road; that public authority has never

accepted the road as a public road; that the decisions of the Supreme Court of Appeals of West Virginia of *Baker v. Hamilton*, 144 W.Va. 575, 109 S.E.2d 27 (1959), and *State Road Commission v. Oakes*, 150 W.Va. 709, 149 S.E.2d 293 (1966) are controlling that the chain placed across the road by the defendant,

It is ADJUDGED and ORDERED that the road is a private and not a public road, the prayer for an injunction and for damages is denied, and this action is dismissed at the cost of the plaintiff.

■ In addressing the question of whether the circuit court in the present case should have held that the earlier decision in Civil Action No. 78–C–542 was *res judicata* as to the Morans' claims, the Court notes that in *Cook v. Cook,* 178 W.Va. 322, 359 S.E.2d 342 (1987), this Court held that for a ruling in one action to bar a demand for relief in a second action under *res judicata,* the issue raised in the second action or suit must be identical with the issue raised and determined in the first action. Essentially, *res judicata* applies only if there is an identity between the issues in the two actions. Syllabus point 2 of *Cook v. Cook, Id.,* states the rule in the following way:

"One of the essentials of *res judicata* is that the issue raised in the second action or suit must be identical with the issue raised and determined in the first action or suit." Syl. pt. 1, *Soto v. Hope Natural Gas Co.,* 142 W.Va. 373, 95 S.E.2d 769 (1956).

In the present situation, it is apparent that in the first case, Civil Action No. 78–C–542, the issue was whether the road in question, which admittedly is the same road as is in issue in the present case, was a public road. On the other hand, it is also apparent that the issue in the present case is not whether the road is a public road, but whether the Morans have a private, prescriptive easement in it.

In syllabus point 2 of *Reger v. Wiest,* 172 W.Va. 738, 310 S.E.2d 499 (1983), the Court explained the circumstances under which a public road can be established. The Court said:

"Generally there are but three methods by which the public may acquire a valid right to use land owned by another as and for a public road or highway: (1) By condemnation proceeding, with compensation to the property owner for the damage resulting from such forceful taking; (2) by continuous and adverse user by the public during the statutory period, accompanied by some official recognition thereof as a public road by the county court, as by work done on it by a supervisor acting by appointment of that tribunal; (3) by the owner's dedication of the land to the public use, or by his consent to such use given in writing, and acceptance of the dedication by the proper authorities." Syl. pt. 4, *Ryan v. The County Court of Monongalia County,* 86 W.Va. 40, 102 S.E. 731 (1920).

■ To establish a private right to use a road by prescription, as opposed to establishing a public right to use the road, different factors must be shown. Those factors were summarized by this Court in syllabus point 1 of *Shrewsbury v. Humphrey,* 183 W.Va. 291, 395 S.E.2d 535 (1990):

" 'The open, continuous and uninterrupted use of a road over the land of another, under *bona fide* claim of right, and without objection from the owner, for a period of ten years, creates in the user of such road a right by prescription to the continued use thereof. In the absence of any one or all of such requisites, the claimant of a private way does not acquire such way by prescription over the lands of another.' Syl. pt. 1, *Holland v. Flanagan,* 139 W.Va. 884, 81 S.E.2d 908 (1954)." Syl. pt. 2, *Keller v. Hartman,* [175] W.Va. [418], 333 S.E.2d 89 (1985).

■ From a comparison of the quoted syllabus points from the *Reger* and *Shrewsbury* cases, it is obvious that in a prescriptive easement case, what must be proven is essentially different, from a legal point of view, from what must be proven in a public road case. In a public road case, the public's right to use the road may be proven by a showing of condemnation. Condemnation may not be used to establish a prescriptive right. In a public road case, the public's right to use a road may be shown by showing that the owner of the property has dedicated the road to public use. A prescriptive easement cannot be created by dedication. Lastly, a public road may be established by the showing of adverse use for the statutory period, accom-

Clarence D. Edman, is not an obstruction within the meaning of Code 17–16–1, and the plaintiff is not entitled to the injunction or damages demanded in the complaint.

panied by an official act of recognition of the road as a public road. To establish an easement by prescription, no public recognition is required. All that is required is that the claimant of the prescriptive right show continuous and uninterrupted use of the road under a *bona fide* claim of right, without objection from the landowner, for the period of ten years.

█ In this Court's view, fundamentally different legal issues are involved in public road and prescriptive easement cases. The Court also believes that the legal issue in *West Virginia Department of Highways v. Edman,* Marion County, Civil Action No. 78–C–542, a public road case, was fundamentally different from that involved in the present prescriptive easement case.

Since under syllabus point 2 of *Cook v. Cook, supra, res judicata* does not apply unless the legal issue in the second action is identical to the legal issue in the first, the circuit court did not err in the present case by failing to hold that the Morans' action was barred under the doctrine of *res judicata.*[2]

Lila M. Edman's second contention is that the lower court erred by finding that the Morans had established each of the elements necessary for creation of an easement by "adverse possession."

█ Before discussing this issue, the Court believes that it is important to note that the circuit court ruled that the Morans had an easement by prescription and did not rule that they had an interest in the property by adverse possession, as is claimed and argued by Lila M. Edman throughout this proceeding.[3]

As previously indicated in syllabus point 1 of *Shrewsbury v. Humphrey, supra,* a prescriptive easement can be established by the showing of open, continuous, and uninterrupted use of a road over the land of another, under *bona fide* claim of right and without objection of the owner, for a period of ten years.

█ In reviewing the record in the present case, the Court notes that although the evidence was somewhat conflicting,[4] the Morans introduced evidence showing that they, their predecessors, and parties acting in their behalf had openly and uninterruptedly used the road in question for many years and that the road was generally perceived as providing access to the property which the appellees acquired. They also introduced evidence indicating that the predecessors of the Edmans had not objected to the use and that certain of the use had been relatively continuous. For instance, one witness, Stella Moran, testified that she had used the road on multiple occasions between 1915 and the mid–1920's and that she had also walked over it in the 1930's and 1940's. Another witness,

---

**2.** During a part of the proceedings in this case, Lila M. Edman acted *pro se,* and the Court believes that in raising the *res judicata* issue, she has acted under a *bona fide* misunderstanding of the legal issues and effect of the court's judgment in the first action, Civil Action No. 78–C–542. The papers filed suggest that she has perceived the first action as being a "black and white" case with the issue being whether she (and her husband) "owned" the road or whether someone else "owned" it. The court ruled that it was a private road rather than a public way and that the public had no interest in it. Lila M. Edman apparently has interpreted this to mean that she (and her husband) "owned" the road to the exclusion of everyone else.

The circuit court's ruling in the first action was not that no other party other than the Edmans had an interest in the road, but that the public, as a body, did not have an interest in the road. The circuit court's ruling was not so broad as to exclude the possibility that a private individual might share private ownership of the road with

the Edmans by way of an easement (which, of course, is what the circuit court ruled in the present case).

**3.** Adverse possession, of course, involves the adverse taking of title to real estate. Its effect is to deprive the prior owner of all his interest in the real estate. The acquisition of a prescriptive easement affords the person who acquires the easement the use of another's property in a limited way. It does not deprive the owner of the property of all his interest in it. He still owns the property, subject only to the requirement that he not use it so as to deprive, or interfere with, the easement owner's enjoyment of the easement. A greater showing must be made to establish adverse possession than is necessary to establish a prescriptive easement.

**4.** A portion of the trial notes was lost and the record had to be reconstructed pursuant to Rule 80(e) of the West Virginia Rules of Civil Procedure. In making this statement regarding the record, the Court relies upon that reconstruction.

Loren Morgan testified that he had driven a coal truck over the road and that it was always open and that no permission was necessary for its use. Lastly, Mr. Moran himself indicated that he had used the road to obtain access to his property for a number of purposes from 1971 until 1990.

Although Lila M. Edman introduced evidence suggesting that the use of the road had been merely sporadic, the trial court resolved the conflicts in the evidence in favor of the Morans and found that the requirements of an easement by prescription had been met.

It has been rather consistently recognized that the findings of a trial court upon facts submitted to it in lieu of a jury will be given the same weight as the verdict of a jury and will not be disturbed on appeal unless the evidence plainly and decidedly preponderates against such findings. *Fraley v. Family Dollar Stores of Marlinton, West Virginia*, 188 W.Va. 35, 422 S.E.2d 512 (1992); *Foster v. Sumner*, 180 W.Va. 617, 378 S.E.2d 659 (1989); *Lotz v. Atamaniuk*, 172 W.Va. 116, 304 S.E.2d 20 (1983); and *Teter v. Teter*, 163 W.Va. 770, 260 S.E.2d 270 (1979).

In light of the evidence in the instant case of the long, continuous, uninterrupted use of the road in question by the Morans and their predecessors without protest from the owner of the Edman property for a period exceeding that necessary to establish a prescriptive right, this Court cannot conclude that the trial court's ruling was erroneous, even though the use evidence was somewhat contradicted.

The Court notes that Lila M. Edman also claims that even if the Morans had an easement by prescription, the evidence adduced showed that they waived or abandoned it. In examining this, the Court can find nothing in the record to indicate that the issue was raised before the trial court or that that court addressed or decided it. Similarly, Lila M. Edman claims the trial court erred in failing to specify, *sua sponte*, the purposes for which the Morans might legally use the road across her property. As with the waiver issue, it does not appear that this question was raised or that the trial court addressed it.

In the exercise of its appellate jurisdiction, this Court will not decide nonjurisdictional questions which have not been decided by the court from which the case has been appealed.

*See also, State ex rel. State Line Sparkler of WV, Ltd. v. Teach*, 187 W.Va. 271, 418 S.E.2d 585 (1992); *Charlton v. Charlton*, 186 W.Va. 670, 413 S.E.2d 911 (1991); *Northwestern Disposal Company, Inc. v. West Virginia Public Service Commission*, 182 W.Va. 423, 388 S.E.2d 297 (1989); and *Randolph v. Koury Corporation*, 173 W.Va. 96, 312 S.E.2d 759 (1984).

Lastly, Lila M. Edman claims that the lower court erred in requiring her to contribute to the upkeep of the road.

In syllabus point 2 of *Carson v. Jackson Land and Mining Company*, 90 W.Va. 781, 111 S.E. 846 (1922), the Court rather plainly indicated that in an easement situation the duty to maintain an easement is ordinarily upon those entitled to use the easement and not upon the landowner. The Court said:

> The duty to maintain an easement in such condition that it may be enjoyed is upon those entitled to its use, in the absence of some contractual or prescriptive obligation upon the owner of the servient estate to so maintain it.

So far as this Court can determine from the reconstructed record in the present case, no evidence was introduced on who previously maintained the road subjected to the prescriptive easement, and no evidence was introduced suggesting a contractual undertaking by Lila M. Edman or her predecessors to maintain it. Further, the Morans' complaint contains no prayer for relief by way of an upkeep order. As a consequence, given the rule in syllabus point 2 of *Carson v. Jackson Land and Mining Company, Id.*, the Court cannot say that the record, as developed, formed an adequate basis for the trial court to order Lila M. Edman to contribute to the upkeep of the road in question.

For the reasons stated, the judgment of the Circuit Court of Marion County, insofar as it relates to the existence of the Morans' easement by prescription, is affirmed. The judgment is reversed insofar as it directs Lila M. Edman to contribute to the upkeep of the road.

Affirmed in part, reversed in part.

BROTHERTON and RECHT, JJ., did not participate.

CLECKLEY and FOX, JJ., sitting by temporary assignment, deeming themselves disqualified, did not participate in the consideration or decision in this case.

MILLER, Retired J., and JOLLIFFE and SPAULDING, JJ., sitting by temporary assignment.