# STATE OF WEST VIRGINIA
## SUPREME COURT OF APPEALS

**Stephen Meade and Jackie Meade,**
**Plaintiffs Below, Petitioners**

**vs) No. 14-1156** (Ohio County 13-C-99)

**James Patterson,**
**Defendant Below, Respondent**

**FILED**

June 15, 2015

**RORY L. PERRY II, CLERK**
**SUPREME COURT OF APPEALS**
**OF WEST VIRGINIA**

## MEMORANDUM DECISION

Petitioners Stephen and Jackie Meade, by counsel Elgine McArdle, appeal the Circuit Court of Ohio County's October 8, 2014, order finding that respondent has a twelve foot wide an easement over their property and granting respondent the right to maintain the easement. Respondent James Patterson, by counsel Marc Chernenko, filed a response in support of the circuit court's order. Petitioners filed a reply.

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision affirming the circuit court's order is appropriate under Rule 21 of the Rules of Appellate Procedure.

In 1978, respondent purchased two adjoining parcels of land in Brooke County, West Virginia from Bernard and Shirley Collins ("Collins"). The deed to respondent's parcels specifically conveyed to respondent "a certain right of way," which was previously granted to the Collins on June 11, 1977. The June 11, 1977, deed conveyed

> [a] certain right of way through the property presently owned by the Grantors, being one acre tract located in Cross Creek District, Brooke County, West Virginia, which right of way would run to a certain right of way previously granted by Virginia Collins to the Grantors.

> This right of way is given for the purpose of ingress and egress to said property and is limited to vehicular traffic or pedestrian traffic.

In 1986, petitioners purchased a parcel of land that adjoins respondent's land. The deed to petitioners' parcel specifically stated that "[t]his conveyance is made subject to all restrictions, reservations, and exceptions now of record affecting said property . . . ." Sometime in 2008, petitioners had a survey conducted on their real property. Thereafter, the parties had a dispute

1

regarding the width of the right-of-way over petitioners' property.[1] In July of 2013, petitioners filed a complaint for declaratory judgment to determine the width of the right-of-way and to further prevent respondent from altering the width of the right-of-way.[2] The circuit court denied petitioners' motion for summary judgment and conducted a bench trial on August 14, 2014. After considering the testimony and evidence, the circuit court entered an order that determined the right-of-way was twelve feet wide. The circuit court also granted respondent the right to maintain the right-of-way. It is from this order that petitioners appeal.

In regard to a circuit court's order entered at the conclusion of a bench trial, this Court has held that

> [i]n reviewing challenges to the findings and conclusions of the circuit court made after a bench trial, a two-pronged deferential standard of review is applied. The final order and the ultimate disposition are reviewed under an abuse of discretion standard, and the circuit court's underlying factual findings are reviewed under a clearly erroneous standard. Questions of law are subject to a *de novo* review.

Syl. Pt. 1, *Public Citizen, Inc. v. First Nat. Bank in Fairmont*, 198 W.Va. 329, 480 S.E.2d 538 (1996). This Court has also held that

> [a] finding [of fact] is clearly erroneous when, although there is evidence to support the finding, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed. However, a reviewing court may not overturn a finding simply because it would have decided the case differently, and it must affirm a finding if the circuit court's account of the evidence is plausible in light of the record viewed in its entirety.

Syl. Pt. 1, in part, *In re Tiffany Marie S.,* 196 W.Va. 223, 470 S.E.2d 177 (1996). "Where there are two permissible views of the evidence, the factfinder's choice between them cannot be clearly erroneous." *Frymier-Halloran v. Paige,* 193 W.Va. 687, 695 n.13, 458 S.E.2d 780, 788 n.13 (1995) (quoting *Anderson v. City of Bessemer City, N.C.,* 470 U.S. 564, 574 (1985) (Citation omitted)).

On appeal, petitioners argue that the historical use of the right-of-way clearly shows that it is eight feet wide, not twelve feet wide as determined by the circuit court.

> "Where the width of a right of way is not specified in the grant, nor determinable therefrom, the scope and purpose of the deed creating it, the situation and use of the property, and the intent of the parties will be considered,

---

[1]Petitioners concede that respondent properly used the right-of-way prior to receiving the results of the survey.

[2]The right-of-way is also used by the parties' neighbors and commercial and emergency vehicles to access these residences from the State-maintained road.

so as to provide a reasonable, safe and convenient way for the purposes for which it was intended." Syllabus point 2, *Palmer v. Newman,* 91 W.Va. 13, 112 S.E. 194 (1922).

Syl. Pt. 3, *Stover v. Milam*, 210 W.Va. 336, 557 S.E.2d 390 (2001). First, it is undisputed that the deeds associated with the parties' real property do not specify the width of the right-of-way. A review of the record on appeal reveals that the circuit court considered the property's historic use, the deed granting the easement, the safety of the involved roadway, survey and expert evidence, and the actual right-of-way in determining its proper width. The circuit court heard testimony from the previous owners of petitioners and respondent's property, that the right-of-way was twelve feet wide. Further, petitioners own expert testified that the travelled width of the right-of-way was twelve and one-half feet wide. The same expert also testified that if he was currently hired to design a road to respondent's residence, it would be twelve feet wide. Shirley Collins, the daughter-in-law of the individual that originally constructed the right-of-way, testified that the right-of-way was constructed to be twelve feet wide. Sargent Darin Pizer of the Franklin County Volunteer Fire Department testified that if the right-of-way was eight feet wide that he would not be able to access respondent's house because the smallest fire truck has a mirror-to-mirror width of nine feet, eight inches. "An appellate court may not decide the credibility of witnesses or weigh evidence as that is the exclusive function and task of the trier of fact." *State v. Guthrie*, 194 W.Va. 657, 669 n. 9, 461 S.E.2d 163, 175 n. 9 (1995); *see also* Rule 52(a), W.V.R.C.P. (When a court sits without a jury, "[f]indings of fact, whether based on oral or documentary evidence, shall not be set aside unless clearly erroneous, and due regard shall be given to the opportunity of the trial court to judge the credibility of the witnesses."). For these reasons, the Court finds no clear error in the circuit court's holding.

Petitioners also argue that the circuit court erred in ordering respondent to maintain the right-of-way over their property without any restriction. In support of this position, petitioners argue that the circuit court's ruling interferes with their constitutional right to use their property as they deem fit. "The duty to maintain an easement in such condition that it may be enjoyed is upon those entitled to its use, in the absence of some contractual or prescriptive obligation upon the owner of the servient estate to so maintain it." Syl. Pt. 2, *Carson v. Jackson Land and Min. Co.*, 90 W.Va. 781, 111 S.E. 846 (1922). The appendix record in the present case is devoid of any evidence of a contractual or prescriptive obligation that petitioners are obligated to maintain the right-of-way. Therefore, respondent is obligated to maintain the right-of-way. Accordingly, we find no error in the circuit court's ruling on this ground.

For the foregoing reasons, we find no error in the decision of the circuit court and the October 8, 2014, order is affirmed.

Affirmed.

**ISSUED**:  June 15, 2015

**CONCURRED IN BY**:

Chief Justice Margaret L. Workman
Justice Robin Jean Davis
Justice Brent D. Benjamin
Justice Menis E. Ketchum
Justice Allen H. Loughry II